THE HONORABLE MARSHA J. PECHMAN

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARTHILDE BRZYCKI,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>HARBORVIEW MEDICAL CENTER and UNIVERSITY OF WASHINGTON,<br><br>　　　　　　　　　Defendants. | CASE NO. 2:18-cv-01582-MJP<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>NOTING DATE: DECEMBER 20, 2019<br><br>**ORAL ARGUMENT REQUESTED** |

### I.　INTRODUCTION

Defendants' Opposition to Plaintiff Marthilde Brzycki's Motion for Partial Summary Judgment (Dkt. # 44) ("Defs. Opp.") makes clear that there are no genuine disputes of material fact as to the elements of Brzycki's claim that Defendants violated the Washington Law Against Discrimination ("WLAD"), Ch. 49.60 RCW, by failing to accommodate her disability in June and July 2017.[1] Defendants do not dispute that Brzycki's diagnosed anxiety was a

---

[1] A plaintiff prevails on a failure to accommodate claim by proving (1) she had a disability as defined by the WLAD; (2) she was qualified to perform the essential functions of her job; (3) she gave the employer notice of her disability and limitations; and (4) upon notice, the employer failed to adopt measures available to it in order to accommodate the disability. *Davis v. Microsoft Corp.*, 149 Wn.2d 521, 532, 70 P.3d 126 (2003).

PLAINTIFF'S REPLY IN SUPPORT OF
MOTION FOR PARTIAL
SUMMARY JUDGMENT - 1
NO. 2:18-cv-01582-MJP

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798　~　(206) 682-6711

disability within the meaning of the WLAD; that Brzycki was qualified to perform the essential functions of her job in June and July 2017; or that Brzycki placed Defendants on notice of her disability through the Family and Medical Leave Certifications submitted by her treating provider Rachel Sternoff, ARNP. Defendants' Opposition addresses only the fourth element of the claim: whether Defendants failed in their duty to adopt measures available to them to accommodate Brzycki's disability.

Defendants have not established genuine issues of disputed fact regarding the fourth element of Brzycki's claim. To the contrary, their Opposition only *reinforces* that no reasonable jury could find that Defendants complied with their duty to accommodate Brzycki under the WLAD. Defendants argue that Tricia Roland's twenty-hour per week schedule was reasonable *per se*; that they had no obligation to engage in the interactive process; that Brzycki's concerns about the unworkable demands set in Roland's schedule were a matter of "personal preference;" and that Brzycki herself failed to engage in the interactive process. Defs. Opp. at 12. None of these arguments are persuasive. In addition, Defendants do not argue that it would have been unreasonable or unworkable for them to reduce Brzycki's patient load consistent with her June 30, 2017 request. Because Defendants have failed to identify evidence that would allow a factfinder to conclude that Defendants reasonably accommodated Brzycki's request for a part-time schedule in June and July 2017, the Court should grant Brzycki's motion for partial summary judgment (Dkt. # 39).

A.  **Roland's proposed schedule was not an effective accommodation.**

Reasonable accommodation may take many forms, but *it must be effective. U.S. Airways, Inc. v. Barnett*, 535 U.S. 391, 400 (2002) ("It is the word 'accommodation,' not the word 'reasonable,' that conveys the need for effectiveness. An *ineffective* 'modification' or

PLAINTIFF'S REPLY IN SUPPORT OF
MOTION FOR PARTIAL
SUMMARY JUDGMENT - 2
NO. 2:18-cv-01582-MJP

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798  ~  (206) 682-6711

'adjustment' will not *accommodate* a disabled individual's limitations."); *Frisino v. Seattle Sch. Dist. No. 1*, 160 Wn. App. 765, 777-78, 249 P.3d 1044 (2011) ("A reasonable accommodation must allow the employee to work in the environment and perform the essential functions of her job without substantially limiting symptoms."). Here, Defendants cannot prove that Roland's proposed schedule was an effective accommodation.

> 1. **The "objective standard" principle does not apply where Roland's schedule went far beyond merely stating that Brzycki would work five hours a day, four days a week.**

Defendants' sole argument in support of their assertion that Roland's schedule was a reasonable accommodation is that the schedule satisfied a purported "objective standard" of a twenty-hour work week. Defs. Opp. at 12. Defendants rely on *Frisino*'s citation to *Davis v. Microsoft*, 149 Wn.2d 521, 70 P.3d 126 (2003), for their contention that Roland's schedule met an "objective standard" and thus was "necessarily" an effective and reasonable accommodation. *See id.*; *see also* Defs. Opp. at 10 (citing *Frisino*, 160 Wn. App. at 780). *Davis*, however, contains no reference to "objective standards" and Plaintiff has found no other cases in Washington or in the Ninth Circuit that support the position that compliance with a purported "objective standard" results in a finding that a proposed accommodation is reasonable *per se*. In any event, nothing in *Davis* suggests that Microsoft responded to the employee's request for a forty-hour work week by setting a rigid schedule that required the employee to complete a specific set of tasks each day. To the contrary, Microsoft allowed Davis to "identify 'what he could and couldn't get to with his customers'" during his forty-hour work week. *Davis*, 149 Wn.2d at 527. Later, after Davis notified Microsoft that he could not manage two accounts in a forty-hour week, Microsoft allowed him to drop his larger account while it continued to work on accommodation efforts. *See id.* at 527-28.

PLAINTIFF'S REPLY IN SUPPORT OF
MOTION FOR PARTIAL
SUMMARY JUDGMENT - 3
NO. 2:18-cv-01582-MJP

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798  ~  (206) 682-6711

In contrast to *Davis*, Roland's schedule went far beyond merely stating that Brzycki would work five hours a day, four days a week. If Roland had simply stated that Brzycki would work twenty hours per week and allowed Brzycki to determine what work she could complete during those hours, *then*, perhaps, the schedule might have satisfied an "objective standard." Roland's schedule, however, set specific expectations for the work that Brzycki would complete during a five-hour window each day—and included the unworkable requirement that Brzycki see more patients in a five-hour clinic day than she saw in a day when she was working full time.[2] Declaration of Christie J. Fix in Support of Plaintiff's Motion for Partial Summary Judgment ("Fix Decl.") (Dkt. # 40) Ex. N; Declaration of Marthilde Brzycki in Support of Plaintiff's Motion for Partial Summary Judgment ("Brzycki Decl.") ¶ 21.

It is axiomatic that a request for a reduced work schedule necessarily requires a proportional reduction in the amount of work required from the employee. Taken to its logical extreme, Defendants' argument that Roland's schedule was reasonable *per se* because it facially met a twenty-hour restriction would allow an employer to assert that a twenty-hour schedule that requires an employee to complete *all* of the work that she would ordinarily do when working full-time would be "reasonable."[3] No reasonable juror could find that an "accommodation" that cuts an employee's work hours but does not also reduce the employee's work obligations is reasonable.

---

[2] That Brzycki agreed that schedule that Roland provided "set forth" twenty hours per week in no way constitutes an admission that the schedule was a reasonable accommodation. *See* Declaration of Seth Berntsen in Support of Defendants' Opposition to Plaintiff's Motion for Partial Summary Judgment (Dkt. # 45) Ex. C ("Brzycki Dep.") at 450:3-14 (explaining that although the "plan" was for Defendants to provide a twenty hour per week schedule, Defendants did not follow that plan).

[3] A law firm following the same principle could deem it reasonable to allow an associate attorney to work part-time as an "accommodation" while still requiring her to meet a full-time billable hour quota.

PLAINTIFF'S REPLY IN SUPPORT OF
MOTION FOR PARTIAL
SUMMARY JUDGMENT - 4
NO. 2:18-cv-01582-MJP

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798 ~ (206) 682-6711

Finally, Defendants do not dispute the many ways that Roland's purported "justification" of the proposed schedule was based on improper considerations and incorrect assumptions. *See* Pls. Mot. at 10-11; 16-17 (explaining that Roland did not allow Brzycki clinic preparation time, did not consider what would happen if more than three patients arrived for clinic, and did put anything in place to assist Brzycki with the time-management concerns identified during the disciplinary process); Fix Decl. Ex. P. To the contrary, Roland agrees that her email accurately describes her efforts to develop the schedule. Roland Partial SJ Decl. ¶ 3. Roland's own words undermine Defendants' position that the schedule was "reasonable."

### 2.     Defendants are not entitled to select any accommodation they "desire."

Defendants wrongly assert that they were entitled to choose for Brzycki whatever accommodation they "desire[d]." *See* Defs. Opp. at 9. An employer is entitled to choose the mode of accommodation only where the selected accommodation is effective. *See Frisino*, 160 Wn. App. at 779-80. As discussed above, Roland's schedule was not an effective accommodation.

In any event, Defendants are not entitled to select an accommodation without first undergoing the interactive process. In *Zivkovic v. S. Cal. Edison Co.,* 302 F.3d 1080, 1089-90 (9th Cir. 2002), for example, the Ninth Circuit vacated the district court's entry of judgment in favor of the employer where the employer did not engage with the employee in the interactive process, did not explore possible reasonable accommodations, and failed to offer any alternative accommodation when it denied the employee's requested accommodation. Here, as in *Zivkovic*, Defendants did not engage with Brzycki in developing the schedule, did not explore possibilities to address Brzycki's concerns about the schedule, and flatly denied Brzycki's request for a lighter patient load on Tuesdays.

PLAINTIFF'S REPLY IN SUPPORT OF
MOTION FOR PARTIAL
SUMMARY JUDGMENT - 5
NO. 2:18-cv-01582-MJP

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798 ~ (206) 682-6711

In addition, neither of Defendants' cited cases regarding the employer's right to select an employee's schedule involve a situation in which the employee protested that the proposed accommodation placed unreasonable expectations on the employee for the amount of work to be performed. *See* Defs. Opp. at 9. In *Gilmore v. Boeing Company*, No. C16-1617-MJP, 2018 WL 883875 (W.D. Wash. Feb. 2, 2018), the employee voluntarily transferred from Boeing's Tukwila facility (where Boeing had previously accommodated him with a later-starting shift) to its Auburn facility. *Id.* at *2. When the employee requested a later-starting shift in Auburn, Boeing informed him that a later shift would not be feasible given the Auburn facility's production environment and shift schedule. *Id.* Instead, Boeing advised the employee to continue using a previously-offered accommodation of FMLA and personal leave to adjust his schedule—an accommodation that Boeing had reviewed with the employee, that the employee had agreed to, and that had been successful in enabling the employee to arrive at work on time. *Id.* In *Elkins v. North Seattle Community College*, No. C08-1466RSL, 2009 WL 3698516 (W.D. Wash. Nov. 3, 2009) the employee asked to change his shift from a 7:30 a.m. to 4:30 p.m. schedule to an 11:00 a.m. to 7:00 p.m. schedule as an accommodation for his sleep apnea. *Id.* at * 1. The employer determined that making the requested change in the employee's current position would be unworkable because the employee would miss a critical morning meeting and would be without supervision after 4:30 p.m. *Id.* Instead, the employer offered the employee an alternative position that would accommodate the employee's need for a later start time. *Id.* It was in this context that the court held that the employer was not required to provide the employee with his preferred accommodation. *Id.* at *3.

Here, Brzycki had no objection to the start and end times set forth in Roland's schedule. *See* Fix Decl. Ex. N. Instead, she objected to the unreasonable workload that the schedule

PLAINTIFF'S REPLY IN SUPPORT OF
MOTION FOR PARTIAL
SUMMARY JUDGMENT - 6
NO. 2:18-cv-01582-MJP

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798  ~  (206) 682-6711

imposed. *See id.* Neither *Gilmore* nor *Elkins* supports Defendants' contention that they were entitled to impose on Brzycki their chosen schedule and workload over Brzycki's reasonable objections.

**B.    It was Defendants, not Brzycki, who failed to engage in the interactive process.** [4]

After the employee has initiated the interactive process, the employer has a duty to take "positive steps" to determine the nature and extent of the disability. *Martini v. Boeing*, 88 Wn. App. 442, 457, 945 P.2d 248 (1997) (quoting *Goodman v. Boeing*, 127 Wn.2d 401, 408 (1995)). The employer's obligation to engage in the interactive process extends beyond the first attempt at accommodation and *continues* when the employee asks for a different accommodation or where the employer is aware that the accommodation is failing. *See Humphrey v. Mem'l Hosps. Ass'n*. 239 F.3d 1128, 1138 (9th Cir. 2001).

There is no dispute that neither Roland nor anyone else at Harborview sought Brzycki's input during the process of developing the twenty-hour schedule. Declaration of Tricia O'Donohue (fka Roland) in Support of Defendants' Opposition to Plaintiff's Motion for Partial Summary Judgment ("Roland Partial SJ Decl.") (Dkt. # 46) ¶¶ 3-4. There is also no dispute that after Brzycki responded to Roland's email with her reasonable concerns that the schedule would not be workable, Roland deemed her concerns to be "performance-related" rather than related to Brzycki's need for a reasonable accommodation; stated that the schedule was "not up for negotiation;" and refused to engage in any further discussion.[5] Roland Partial SJ Decl. ¶ 6.

---

[4] Brzycki does not, as Defendants imply, allege a stand-alone claim for failure to engage in the interactive process. *See* Defs. Opp. at 10-11.

[5] Brzycki *did* attempt to speak with Roland about her concerns about the Tuesday clinic schedule after she returned to work. *See* Declaration of Marthilde Brzycki in Support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment (Dkt. # 52) ("Brzycki Opp. Decl.") ¶ 46(a). When she did so, Roland threatened her job. *Id.*

PLAINTIFF'S REPLY IN SUPPORT OF
MOTION FOR PARTIAL
SUMMARY JUDGMENT - 7
NO. 2:18-cv-01582-MJP

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798  ~  (206) 682-6711

Defendants' own evidence thus establishes their failure to engage in the interactive process to identify a reasonable accommodation for Ms. Brzycki.

It is disingenuous for Defendants to claim that they had no obligation to engage in the interactive process because Brzycki didn't expressly state in her June 30 email that her request for a reasonable workload related to her anxiety and other health issues. Absent the background of Brzycki's disability and need for accommodation, there would have been no proposal for a reduced schedule in the first place. The *entire context* of the June 30 email discussion was Sternoff's request for a part-time schedule when Brzycki returned to work from medical leave. The very document that contained that request made clear to Defendants that Brzycki suffered from "anxiety with panic attacks and elevated blood pressure *associated with work stress*" and that Brzycki's anxiety had "*affected her work*, sleep, blood pressure, and quality of life." Fix Decl. Ex. H at UWMB002893 (emphasis added). Defendants were well aware that Brzycki had been on medical leave for anxiety, panic attacks, and high blood pressure for over two months before Sternoff released Brzycki to return to work part-time. *See* Fix Decl. Exs. F & G.

An employee is simply not required to use "magic words" to trigger the employer's obligation to engage in the interactive process. To the contrary, it is the *employer* who must determine the nature and extent of the disability and the employee's limitations after receiving notice of the disability and need for accommodation. *Frisino*, 160 Wn. App. at 780; *see also Bultemeyer v. Fort Wayne Community Schs.,* 100 F.3d 1281, 1285 (7th Cir. 1996) ("Properly participating in the interactive process means that an employer cannot expect an employee to read its mind and know that he or she must specifically say 'I want a reasonable accommodation,' particularly when the employee has a mental illness."). Defendants cannot

PLAINTIFF'S REPLY IN SUPPORT OF
MOTION FOR PARTIAL
SUMMARY JUDGMENT - 8
NO. 2:18-cv-01582-MJP

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798  ~  (206) 682-6711

shirk their responsibility to engage in the interactive process on the ground that Brzycki did not specifically mention her disability in her June 30 email.

Defendants' assertion that Brzycki was required to "actually work[] the schedule" in order to trigger the interactive process is also inapt. *See* Defs. Opp. at 15. An employee need not try a proposed accommodation that she *knows* will be unworkable in order to trigger the employer's obligation to re-engage in the interactive process. *See Int'l Bhd. of Teamsters v. United States,* 431 U.S. 324, 366 (1977) ("The law does not require an employee to engage in a "futile gesture" before claiming discrimination."). In any event, Defendants' reliance on *Frisino* for the contention that it was not required to engage in the interactive process until after Brzycki "worked the schedule" is misplaced. *See* Defs. Opp. at 14. Frisino was sensitive to mold and other airborne irritants in the work environment. *Frisino*, 160 Wn. App. at 780-81. The parties had neither agreed to nor recognized any measurable way for to determine whether the District's efforts to clean the environment had been successful. *Id.* at 782. Even if the cleanup had eliminated all traces of mold, Frisino's symptoms might still have been triggered by some other irritant. *Id.* at 781. Under these facts—and where nothing in the record suggested that returning to the site would pose an unacceptable health risk—the Court of Appeals concluded that a trial and error process in which Frisino returned to the work environment was necessary to determine whether the employer's cleanup efforts had been effective. *Id.* at 752. Here, the parties did not need to engage in a trial and error process in order to determine that the proposed schedule would not be workable. To the contrary, Brzycki could readily tell, based on her experience preparing for patients, conducting appointments, and completing chart notes, that she would not be able to satisfy the demands Roland had set for a five-hour clinic day. *See* Brzycki Decl. ¶¶ 5, 21.

PLAINTIFF'S REPLY IN SUPPORT OF
MOTION FOR PARTIAL
SUMMARY JUDGMENT - 9
NO. 2:18-cv-01582-MJP

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798  ~  (206) 682-6711

Similarly, Defendants' related assertion that an interactive process was unnecessary because Brzycki's request for a reduced patient load was "not medically related to her claimed disability but reflected her personal preferences" makes no sense in light of the context of her request. *See* Defs. Opp. at 15. *Taylor-Novotny v. Health All. Med. Plans, Inc.*, 772 F.3d 478, 484, 486 (7th Cir. 2014) is distinguishable because in that case the employer *repeatedly* reached out to the employee's health care provider for clarification of the employee's limitations. *Id.* 484; *id.* at 486. The employer denied one of the employee's requests because even with this good-faith engagement in the interactive process, the employee never identified any limitation during the interactive process that the specific accommodation would alleviate. Here, it is undisputed that Defendants *never* reached out to Brzycki or to Sternoff to clarify Brzycki's limitations either before or after Brzycki identified her concerns about Roland's schedule.

Finally, Defendants' argument that it was Brzycki, rather than Defendants, who caused the interactive process to break down cannot be credited. Brzycki promptly responded to Roland's email with concerns about the Tuesday clinic schedule. Roland shut her down, informing her in no uncertain terms that the schedule she proposed was "not up for negotiation" unless and until Brzycki ran into actual challenges meeting the work expectations. *See* Defs. Opp. at 5 ("Balch and Roland were open to making adjustments to the schedule *if Brzycki actually experienced difficulties or problems once she actually tried working the schedule*.") (emphasis added). Defendants' contention that Brzycki should have raised her concerns about the schedule with Roland or Francis on July 5 is inconsistent with their assertion *on the previous page* that requests for adjustments to the schedule were "premature" before Brzycki actually "worked the schedule." Compare Defs. Opp. at 15 with Defs. Opp. at 16; *see*

PLAINTIFF'S REPLY IN SUPPORT OF
MOTION FOR PARTIAL
SUMMARY JUDGMENT - 10
NO. 2:18-cv-01582-MJP

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798  ~  (206) 682-6711

*Bultemeyer v. Fort Wayne Community Schs.,* 100 F.3d 1281, 1285 (7th Cir. 1996) (excusing a mentally ill plaintiff from requesting reasonable accommodation because "he may have thought it was futile to ask, after [his employer] told him he would not receive any more special treatment.").

Defendants' claim that Brzycki failed to engage in the interactive process when she did not attend the July 12 meeting with Roland and Kelly Paananen also misses the mark. Defs. Opp. at 16.[6] On July 11, Brzycki was unable to meet Roland's demands. She worked 7.5 hours and was left feeling anxious, sick, and "like [she] was falling apart." Brzycki Decl. ¶ 24. She saw her counselor on July 12 and was placed back on medical leave. *Id.* ¶ 25; Fix Decl. Ex. S (Reid Stell's July 12, 2017 Health Care Provider Statement, noting that "all job functions" were "precluded" in light of Brzycki's diagnosis of adjustment disorder with anxiety). The July 12 meeting was thus too little, too late to address Brzycki's need for accommodation.

### III.   CONCLUSION

For the foregoing reasons, the Court should grant Brzycki's motion for partial summary judgment (Dkt. # 39) and hold, as a matter of law, that Defendants failed to accommodate Brzycki's disability, in violation of the WLAD, in June and July 2017.

///

///

///

///

---

[6] Indeed, the meeting's primary purpose was to follow up on the April 2017 Step C discipline. Roland stated she scheduled the meeting "to review your final counseling action plan and to discuss areas where you have not met the expectations outlined in the action plan." Declaration of Tricia O'Donohue in Support of Defendants' Motion for Summary Judgment (Dkt. # 29) Ex. M.

PLAINTIFF'S REPLY IN SUPPORT OF
MOTION FOR PARTIAL
SUMMARY JUDGMENT - 11
NO. 2:18-cv-01582-MJP

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798  ~  (206) 682-6711

DATED this 20th day of December, 2019.

              FRANK FREED SUBIT & THOMAS LLP

              By:/s/ Christie J. Fix
              Christie J. Fix, WSBA # 40801
              705 Second Avenue, Suite 1200
              Seattle, WA 98104
              Phone: (206) 682-6711
              Email: cfix@frankfreed.com
              Attorneys for Plaintiff

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT - 12
NO. 2:18-cv-01582-MJP

FRANK FREED SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798 ~ (206) 682-6711

**CERTIFICATE OF SERVICE**

I hereby certify that on December 20, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel/parties of record. I hereby certify that no other parties are to receive notice.

DATED at Seattle, Washington on this 20th day of December, 2019.

/s/Sarah Gunderson
Sarah Gunderson

PLAINTIFF'S REPLY IN SUPPORT OF
MOTION FOR PARTIAL
SUMMARY JUDGMENT - 13
NO. 2:18-cv-01582-MJP

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798  ~  (206) 682-6711