UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARTHILDE BRZYCKI,

               Plaintiff,

     v.

UNIVERSITY OF WASHINGTON,

               Defendant.

CASE NO. C18-1582 MJP

ORDER ON MOTIONS IN LIMINE

The above-entitled Court, having received and reviewed:

1.  Plaintiff's Motions in Limine (Dkt. No. 78) and Defendant's Response (Dkt. No. 89),

2.  Defendant's Motions in Limine (Dkt. No. 80) and Plaintiff's Response (Dkt. No. 84),

3.  Defendant's Supplemental Motion in Limine (Dkt. No. 106) and Plaintiff's Response (Dkt. No. 108),

all attached declarations and exhibits; and relevant portions of the record, issues the following

rulings:

**Plaintiff Motions in Limine**

- **No. 1**: Permit Plaintiff's husband (who is also a witness) to remain in the courtroom for the entire trial: DENIED, but as soon as he testifies, he may remain in the courtroom.

- **No. 2**: Exclude the EEOC's August 8, 2018 dismissal letters and Dismissal and Notice of Rights notices: DENIED.  Regarding this and Plaintiff's remaining motions in limine, they appear intended to minimize any confusion that might be experienced by a jury of laypersons attempting to sort out prior employment issues from the current dispute.  This matter will now be tried to the bench; the Court will not be confused by the introduction of this evidence.

- **No. 3**: Exclude Defendants' EEOC position statements: DENIED.

- **No. 4**: Exclude Alina McLauchlan's Oral Report Summary Outline: DENIED.

- **No.5**: Exclude evidence and testimony concerning after-acquired emails: DENIED.


**Defendant Motions in Limine**

- **No. 1**: Preclude lay testimony on stereotypes of Haitian women: GRANTED.  This is not evidence which is proper for a lay witness's opinion testimony, as that standard is enunciated in FRE 701.  Neither Plaintiff (who left Haiti in 1981 or 1982) or her other lay witness (who failed to identify when she lived in Haiti) have established sufficient credentials or foundation for testifying about nationwide cultural stereotypes in a country of approximately 11 million people; this is the province of expert testimony.  Additionally, any possible probative value is outweighed by its prejudicial impact.  FRE 403.  The witnesses may testify to any relevant factual events which involved references to Plaintiff's native country, but their testimony will be limited to those facts alone.

- **No. 2**: Preclude testimony on the Brzyckis' desire and attempts to have a child: GRANTED.  This area of testimony was not identified in a timely manner.

- **No. 3**: Preclude testimony about prior "positive feedback:"  DENIED.

- **No. 4**: Exclude introduction of patient "Wow" cards: DENIED.

- **No. 5**: Exclude Plaintiff's performance evaluation from a prior job: GRANTED.  How a person performed in previous employment is neither relevant to nor predictive of performance in another position.

- **No. 6**: Exclude Plaintiff's family photos: DENIED.  The Court considers the evidentiary value of these exhibits slight, but will not exclude them.

- **Supplemental motions in limine**: The Court will not rule on these motions at this time. They will be re-noted to the date of the pretrial conference (October 29, 2020); the Court will rule on them after reading the trial briefs and discussing them further with the parties.

In issuing these rulings, the Court wishes to make the following clear: simply because a motion to exclude evidence was denied at this point does not mean that the evidence will necessarily be admitted at trial.  Issues of admissibility will continue to be evaluated during the course of the trial, and the Court retains the discretion to admit or deny any proffered evidence based on the facts and the law as developed during each side's presentation of its case.

The clerk is ordered to provide copies of this order to all counsel.

Dated May 29, 2020.

Marsha J. Pechman
United States Senior District Judge