UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARTHILDE BRZYCKI,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>UNIVERSITY OF WASHINGTON,<br><br>　　　　　　　Defendant. | CASE NO. C18-1582 MJP<br><br>ORDER ON DEFENDANT'S MOTIONS IN LIMINE |

This matter comes before the Court on the Defendant's Motion in Limine (Dkt. No. 106). Having reviewed the Motion, Plaintiff's Response (Dkt. No. 108), and all supporting materials, the Court provided its oral ruling GRANTING Defendant's Motion during the Parties' pretrial conference held on October 29, 2020. This written order memorializes the Court's ruling.

Defendant seeks an order precluding Plaintiff from: (1) arguing that the University's investigation into Plaintiff, starting in November 2016, was retaliatory; (2) introducing evidence that Plaintiff complained of discrimination and harassment by her then manager Vicki Johnson

and then co-worker Dawn Drury in August 2015 to the University Complaint Investigation and Resolution Office (UCIRO); and (3) testifying about specific discriminatory comments Johnson allegedly made in 2015.

Plaintiff does not oppose the Motion to the extent that it asks the Court to preclude argument that the University initiated its investigation of her conduct in November 2016 in retaliation for her 2015 complaints to UCIRO and to Harborview Medical Center Assistant Administrator Kathy Hare. The Court grants this portion of Defendant's motion based on the Parties' agreement. But Plaintiff objects to the exclusion of her 2015 complaints to UCIRO and to her managers about Johnson's conduct, which she asserts are relevant to her claims that the University retaliated against her for engaging in protected activity.

The Court agrees with Defendant that Plaintiff's 2015 complaints to UCIRO and to her managers about Johnson's conduct and Johnson's alleged comments are not relevant. First, Johnson's and Drury's alleged conduct in 2015 cannot support Plaintiff's claim of racial discrimination because it is outside the statute of limitations and Plaintiff did not file an EEOC charge. It is also not relevant because, as the Court held in its summary judgment order, the University's investigation of Plaintiff that commenced in November 2016 was not done in retaliation for Plaintiff's August 2015 UCIRO complaint. Second, the comments Johnson allegedly made in 2015 are not relevant to Plaintiff's claims. The alleged comments made in 2015 cannot support Plaintiff's claim of racial discrimination and any probative value is far outweighed by their prejudicial value.

\\

\\

\\

1  The clerk is ordered to provide copies of this order to all parties and counsel.

2  Dated November 3, 2020.

*[signature]*

Marsha J. Pechman
United States District Judge