THE HONORABLE MARSHA J. PECHMAN

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

MARTHILDE BRZYCKI,

                     Plaintiff,

 vs.

UNIVERSITY OF WASHINGTON,

                  Defendant.

CASE NO.:  2:18-cv-01582-MJP

**PRETRIAL ORDER**

Plaintiff Marthilde Brzycki and the University of Washington[1] submit this proposed pretrial order pursuant to Local Rules W.D. Wash. LCR 16 and 16.1.

## I.    JURISDICTION

Jurisdiction is vested in this Court by virtue of 28 U.S.C. § 1331 and § 1332.  This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

## II.    CLAIMS AND DEFENSES

Plaintiff will pursue the following claims against Defendants at trial:

1.      Discrimination on the basis of race and national origin in violation of the Washington Law Against Discrimination ("WLAD") and Title VII of the Civil Rights Act of 1964 ("Title VII");

2.      Retaliation for engaging in protected activity in violation of the WLAD and Title

---

[1] The Court notes that it has altered the Parties' proposed order to remove reference to Harborview Medical Center as a party to this case, per Dkt. No. 101.

VII; and

3.      Failure to accommodate Plaintiff's disability in violation of the WLAD.

Defendants intend to pursue the following affirmative defenses at trial:

1.      Plaintiff has failed to mitigate or avoid damages;

2.      Some or aspects of Plaintiff's claims are barred by applicable statutes of limitation and failure to timely and properly exhaust administrative remedies;

3.      Some or aspects of Plaintiff's claims fail to state a cause of action for which relief may be granted; and

4.      Plaintiff's damages are due in whole or in part to pre-existing conditions or conditions which are unrelated to the claims in the complaint.

### III.      ADMITTED FACTS

The following facts are admitted by the parties:

1.      Harborview Medical Center is a hospital in Seattle owned by King County and managed under contract by Defendant the University of Washington.

2.      The Stroke Clinic at Harborview cares for patients with cerebrovascular disease who have suffered a stroke or transient ischemic attack or who are at risk for stroke or transient ischemic attack.

3.      Brzycki is Black and a native of Haiti.

4.      Brzycki moved to the U.S. when she was eleven years old and continues to speak with a Haitian accent.

5.      After receiving her master's degree and her ARNP license, Brzycki began working as a full-time hourly Registered Nurse 2 in Harborview's Stroke Center in November 2014.

6.      Brzycki became a full-time Stroke Health Care Specialist ("HCS") in January 2015, after Harborview approved her ARNP privileges.

7.      Stroke Clinic operations are overseen by the Stroke Program Medical Director and the Stroke Program Manager. The Stroke Program Manager oversees a small team that includes

the Stroke Program Coordinator, the Stroke Resource Nurse, and the Stroke Health Care Specialist.

8.    As Stroke Health Care Specialist, Brzycki reported to the Stroke Center Program Manager. The Stroke Program Manager reported to Assistant Administrator Kathy Hare.

9.    The first Stroke Center Program Manager for whom Brzycki worked was Vicki Johnson.

10.    Brzycki's duties as Health Care Specialist included seeing stroke patients discharged from the hospital after stroke for medical management, diagnostics, counseling, care coordination, and monitoring for secondary stroke prevention services. Her duties also included serving as a resource for inpatient staff and coordinating daily essential patient needs in collaboration with the Stroke Resource Nurse.

11.    In August 2015, Brzycki complained to Johnson's manager, Assistant Administrator for Patient Care Services Kathy Hare, about Johnson and perceived challenges in the Stroke Center.   Hare assigned Human Resources Consultant Nola Balch to investigate Brzycki's complaint.

12.    Although Balch's investigation identified issues with Johnson's management and communications skills, Balch concluded that Johnson had not created a hostile work environment.

13.    In late August 2015, Brzycki also complained to the University of Washington's University Complaint Investigation and Resolution Office ("UCIRO") about Johnson.  The day after making the UCIRO complaint, Brzycki asked UCIRO to close her complaint because Human Resources had initiated its own investigation.

14.    In or around November 2015, Hare engaged Abeba "Abby" Tesfamariam, Director of Procedure Operations, to assess the Stroke Center operations.  Tesfamariam interviewed stroke staff and providers and issued written findings.

15.    Johnson went on leave in December 2015 and never returned to work.

16.    After Johnson left, Miryah Hibbard served as an Interim Stroke Program Manager, while Harborview sought a full-time replacement.

17.     Hibbard separated from Harborview in July 2016.

18.     After Hibbard separated from Harborview, Hare supervised Stroke Center employees until a new Stroke Program Manager was hired.

19.     In August 2016, Harborview hired Tricia O'Donohue (then known as Tricia Roland) as Stroke Program Manager. O'Donohue began her employment at Harborview on August 23, 2016.

20.     In November 2016, O'Donohue, working with Balch, initiated an investigation of Brzycki's time and attendance.

21.     On November 17, 2016, O'Donohue gave Brzycki a letter informing her that an investigation had been initiated regarding "discrepancies in your attendance and hours of work, and concerns with your work performance."

22.     On November 18, Brzycki emailed UCIRO to complain that O'Donohue had been subjecting her to "bullying and discrimination."

23.     On November 18, Brzycki submitted a written complaint to Hare and Director of Health Care Specialists Kelly Paananen about the investigation notice letter and about O'Donohue's treatment of her.  Interim Human Resources Consultant Kim Francis was tasked with investigating Brzycki's complaint.

24.     On November 21, Brzycki met with UCIRO investigator Beth Louie about her UCIRO complaint against O'Donohue. Louie closed Brzycki's complaint as outside UCIRO's purview.

25.     On November 29, Francis interviewed Brzycki about her complaint to Hare and Paananen about O'Donohue.  Brzycki's Union representative Sabrina Snow was present for the interview.  On December 13, Francis interviewed O'Donohue.

26.      During the week of November 28, 2016, Drs. Tirschwell and Becker met with O'Donohue and Paananen and expressed concerns about Brzycki's stroke knowledge, patient documentation, receipt of feedback, and treatment decisions.  On December 8, Paananen sent a

letter summarizing these concerns to Dr. Will Longstreth, Chief of Neurology.

27.    On December 5, Harborview informed Brzycki that it had renewed her privileges and reappointed her to its Adjunct Medical Staff.

28.    On January 11, 2017, Francis sent Brzycki a letter advising that she did not substantiate Brzycki's allegation that O'Donohue had harassed her.

29.    The investigation into Brzycki's conduct proceeded in December 2016. The first of three investigatory interviews took place on December 5, 2016.

30.    On December 8, 2016, Brzycki's health care provider, Elizabeth Schuringa ARNP, requested Brzycki be placed on medical leave for four weeks due to "increased anxiety with panic type disorder." The University approved this request. Schuringa later requested to extend Brzycki's leave. The University approved this request.

31.    Ms. Brzycki returned to work on February 2, 2017.

32.    The second of the three interviews of Brzycki took place on February 13.

33.    On February 14, the University placed Brzycki on paid administrative leave following an email she sent.

34.    The third of the three interviews of Brzycki took place on February 16.

35.    On April 7, 2017, the University provided Brzycki with a Final Counseling letter, an Action Plan, a job description, and copies of various University policies.

36.    Prior to April 7, 2017, Brzycki had never received any discipline.

37.    Brzycki returned to work from administrative leave on April 18, 2017. On that date, Balch, O'Donohue, and Paananen met with Brzycki to review the Final Counseling letter and Action Plan.

38.    On April 26, 2017, Brzycki's health care provider Rachel Sternoff, ARNP, requested that Brzycki be placed on medical leave for eight weeks beginning April 26, due to "increased anxiety with panic attacks and elevated blood pressure associated with work." The University approved Brzycki's request for medical leave.

39.     In April 2017, after receiving the Final Counseling and Action Plan, Brzycki filed EEOC Charge No. 551-2017-01080 alleging race and national origin discrimination and retaliation.  O'Donohue, Hare, and Balch received notice of Brzycki's EEOC charge on April 27, 2017.

40.     On June 26, 2017, Sternoff issued a family medical leave form indicating Brzycki could return to work on July 1, 2017, with a part-time schedule of 20 hours per week for two months.

41.     On June 27, Francis, now working as a Leave Specialist, received Sternoff's medical leave request form.  Francis emailed O'Donohue to ask if O'Donohue's department could accommodate Brzycki's request for a temporary 20 hour per week schedule.   O'Donohue investigated whether the department could accommodate the request.  O'Donohue then drafted a part-time, 20-hour per week work schedule. Before sending the schedule to Brzycki, O'Donohue sent the draft schedule to Francis.

42.     On June 30, 2017, O'Donohue emailed the 20 hour per week schedule to Brzycki.

43.     O'Donohue's schedule provided that after Brzycki's first week back to work, a regular weekly schedule would go into place in which Brzycki would be expected to work five hours per day, four days per week, with Thursdays off. O'Donohue's Tuesday schedule provided for six patients to be scheduled in the Stroke Clinic.

44.      Brzycki responded by email to O'Donohue's schedule. Brzycki stated that she could not handle seeing six patients on a part-time clinic day. She also requested "advance warning" prior to any private meetings with O'Donohue and Paananen and that her union representative be present for any "private meetings with management."

45.     O'Donohue consulted with Balch about Brzycki's email. Balch drafted a response for O'Donohue, which O'Donohue then sent to Brzycki. The response provided, in part, that: "The schedule/workflow is not up for negotiation, though, as ever, if you run into challenges in meeting the work expectations you should come to me right away so that we can engage in a problem

solving discussion to review workflow, priorities and strategies."

46.     Brzycki returned to work on July 5, 2017. The schedule that day provided for Brzycki to meet with Roland and Paananen at 9:00 a.m.  Brzycki did not attend that meeting.

47.     On July 5, 2017, Brzycki contacted Francis. She requested a private, quiet area to work, advance notice of meeting agendas, and uninterrupted work time.  Brzycki did not raise issues concerning the work schedule with Francis on July 5th.

48.     On the morning of July 11, O'Donohue informed Brzycki that she wanted to meet with her and Paananen the next day, July 12, to review the action plan and the part-time work schedule.

49.     On July 11, all six of the patients scheduled for Brzycki's Tuesday clinic appeared for their appointments. Brzycki worked more than the allotted five hours that day.

50.     In the morning of July 12, 2017, O'Donohue again advised Brzycki that she needed to attend the meeting that day with her and Paananen. Brzycki did not attend the meeting and instead went to an appointment with her counselor, Reid Stell.

51.     Later that day, July 12, Brzycki returned to work with a statement from Stell, which requested that Brzycki be placed on medical leave. Stell's statement provided that "all job functions precluded" and indicated that Brzycki could not meet the psychological demands of the job.  The University granted Brzycki's request and she went on medical leave after completing her shift on July 14, 2017.

52.     On July 12, Brzycki emailed Director of Medical Centers Employee Relations Jennifer Petritz a complaint about the part-time schedule O'Donohue implemented. Petritz solicited additional information from Brzycki and O'Donohue about the schedule and responded to Brzycki's complaint via email on July 18, 2017.

53.     Aside from a brief period in November 2017, Brzycki never returned to full time employment at Harborview.

54.     On July 17, 2017, Brzycki contacted UCIRO.  On July 19, 2017, Brzycki completed

an intake interview with UCIRO investigator Alina McLauchlan regarding her complaints of discrimination and retaliation.

55.     On August 16, Brzycki filed EEOC Charge No. 551-2017-01858, in which she alleged failure to accommodate, discrimination on the basis of disability, and retaliation for filing her May 2017 EEOC charge.

56.     In September 2017, Brzycki accepted a conditional offer of an ARNP position with the Veterans Affairs Puget Sound Healthcare System in Seattle, Washington ("VA").

57.     Brzycki resigned her position at the University effective November 30, 2017.

58.     Shortly after resigning from the University, Brzycki began working for the VA.

59.     Brzycki's monthly salary at the University in 2017 was $8,826.00.

60.     McLauchlan investigated Brzycki's EEOC and UCIRO complaints, interviewing nine witnesses and reviewing documents.  She reported her findings to UW management and to the EEOC.

## IV.     ISSUES OF LAW

The following are the issues of law and fact to be determined by the jury :

1.      Did the Step C Final Counseling letter issued on April 7, 2017 constitute an adverse employment action—i.e., did it materially affect the compensation, terms, conditions or privileges of employment?

2.      As to Ms. Brzycki's state law discrimination claim, were her race and/or national origin a substantial factor in the University's decision to issue her the Step C Final Counseling letter?

3.      As to Ms. Brzycki's Title VII discrimination claim, were her race and/or national origin a motivating factor in the University's decision to issue her the Step C Final Counseling letter?

4.      Was Ms. Brzycki's participation in or opposition to any activity protected by the WLAD a substantial factor in the Defendants' decision to subject Ms. Brzycki to an adverse

employment action?

     5.     Did Harborview subject Ms. Brzycki to any adverse employment action because of her participation in or opposition to any activity protected by Title VII?

     6.     In July 2017, could Ms. Brzycki perform the essential functions of her job with or without accommodation?

     7.     Did Defendants violate the WLAD by failing to provide a reasonable accommodation for Ms. Brzycki in July 2017?

## V.    EXPERT WITNESSES

The names and addresses of the expert witnesses to be used by each party at the trial and the issues upon which each will testify are:

**A.    On behalf of Plaintiff:**

     1.     **M. Reid Stell, LMHC** (will testify)
              14535 Bel-Red Road, Suite B-202
              Bellevue, WA  98007

Reid Stell is a licensed mental health counselor and was one of Brzycki's treating providers. He formed his opinions during treatment of Brzycki from November 2016 through December 2017. Stell will testify regarding his treatment of Brzycki and the emotional impact of Defendants' conduct on Brzycki.

     2.     **Elizabeth Schuringa, ARNP** (will testify)
              c/o M. Re Knack
              Ogden Murphy Wallace P.L.L.C.
              901 Fifth Avenue, Suite 3500
              Seattle, WA  98164
              206-442-1312
              rknack@omwlaw.com

Elizabeth Schuringa is an Advanced Registered Nurse Practitioner and former employee of Overlake Medical Center.  She was one of Brzycki's treating providers. She formed her opinions during treatment of Brzycki from December 2014 to April 2017. She will testify regarding her diagnosis and treatment of Brzycki, and her placement of Brzycki on medical leave in December

2016.

      3.      **Rachel Sternoff, ARNP** (will testify)
           c/o M. Re Knack
           Ogden Murphy Wallace P.L.L.C.
           901 Fifth Avenue, Suite 3500
           Seattle, WA  98164
           206-442-1312
           rknack@omwlaw.com

Rachel Sternoff is an Advanced Registered Nurse Practitioner and employee of Overlake Medical Center. She was one of Brzycki's treating providers. She formed her opinions during treatment of Brzycki from April 2017 to October 2017. She will testify regarding her diagnosis and treatment of Brzycki, her placement of Brzycki on medical leave in April 2016, and her recommendation that Brzycki return to work on a part-time schedule in July 2016.

**B.**      **On behalf of Defendants**

      **1.**      **Dr. Russell Vandenbelt**
           11201 SE 8th Street, #105
           Bellevue, WA 98004
           425-454-0255

Dr. Vandenbelt is a medical doctor and psychiatrist who reviewed Plaintiff's medical and counseling records, interviewed Brzycki, and tested her.  Dr. Vandenbelt may be called to testify as to Plaintiff's emotional distress issues and causation.

## VI.    OTHER WITNESSES

The names and addresses of witnesses, other than experts, to be used by each party at the time of trial and the general nature of the testimony of each are:

**A.**      **On behalf of Plaintiff:**

      1.      **Nola Balch** (possible witness only)
           c/o Seth Berntsen and Hathaway Burden
           Summit Law Group
           315 Fifth Avenue, Suite 1000
           Seattle, WA 98104

Ms. Balch is Human Resources Consultant at Harborview. She may be called to testify about Harborview's November 2016 – April 2017 investigation of Ms. Brzycki's time and

attendance.

2.   **Marthilde Brzycki** (will testify)
c/o Frank Freed Subit & Thomas
705 Second Avenue, Suite 1200
Seattle, WA  98104-1798
206-682-6711

Ms. Brzycki is Plaintiff in this matter. She will be called to testify regarding the facts at

issue in the Complaint and Answer.

3.   **William Brzycki** (will testify)
c/o Frank Freed Subit & Thomas
705 Second Avenue, Suite 1200
Seattle, WA  98104-1798
206-682-6711

Mr. Brzycki is Plaintiff's husband. He will be called to testify regarding his knowledge of

the emotional and financial impact of Defendants' conduct on Plaintiff.

4.   **Tammie English** (possible witness only)
206-240-7985

Ms. English is a Stroke Resource Nurse at Harborview Medical Center.  She may be called

to testify about her observations of Ms. Brzycki's work practices.

5.   **Tracy Ezell** (possible witness only)
206-898-0332

Ms. Ezell is the Stroke Clinic Patient Care Coordinator at Harborview Medical Center. She

may be called to testify about her observations of Ms. Brzycki's work, Ms. Brzycki's interactions

with Stroke Clinic staff, Ms. Brzycki's interactions with Ms. O'Donohue, Stroke Clinic practices,

and her knowledge of the emotional impact of Harborview's conduct on Ms. Brzycki.

6.   **Kim Francis** (will testify)
c/o Seth Berntsen and Hathaway Burden
Summit Law Group
315 Fifth Avenue, Suite 1000
Seattle, WA 98104

Ms. Francis is Leave Specialist Lead at Harborview. She will be called to testify regarding

her investigation of Ms. Brzycki's November 2016 complaint regarding Ms. O'Donohue, Ms.

Brzycki's medical leave, and Ms. Brzycki's requests for disability accommodations.

   7.   **Susan Guse** (possible witness only)
        2508 NW 195th Pl.
        Shoreline, Washington 98177
        206-397-5638

Ms. Guse was the former Administrative Assistant in the Neurology Office at Harborview. She retired in December 2016.  She may be called to testify regarding her observations of interactions between Ms. Brzycki and Ms. O'Donohue and her observations of Ms. Brzycki's conduct and performance at work.

   8.   **Kathy Hare** (possible witness only)
        c/o Seth Berntsen and Hathaway Burden
        Summit Law Group
        315 Fifth Avenue, Suite 1000
        Seattle, WA 98104

Ms. Hare is Associate Chief Nursing Officer and Assistant Administrator at Harborview. She may be called to testify about the investigation of Ms. Brzycki's 2015 complaint against Vicki Johnson, her experiences working with Ms. Brzycki and Ms. Brzycki's managers, the investigation of Ms. Brzycki's time and attendance between November 2016-April 2017, and the discipline imposed on Ms. Brzycki in April 2017.

   9.   **Dakota Johnson** (possible witness only)
        5035 S. Steel Street
        Tacoma, WA  98409
        206-856-7032

Dakota Johnson is a former Medical Assistant at Harborview. She may be called to testify regarding her observations of interactions between Ms. Brzycki and Ms. O'Donohue and her observations of Ms. Brzycki's conduct and performance at work.

   10.  **Kathy Kindberg** (possible witness only)
        c/o Frank Freed Subit & Thomas, LLP
        705 Second Avenue, Suite 1200
        Seattle, WA  98104
        206-682-6711

Ms. Kindberg is a paralegal with the firm Frank Freed Subit & Thomas LLP. She may be

called to testify regarding the authenticity and accuracy of certain summary exhibits.

      11.    **Lilia Merveus** (will testify)
             24404 15th Avenue S.
             Des Moines, WA 98198
             206-565-4389

Ms. Merveus is a personal friend of Plaintiff and an employee of Harborview Medical Center. She is an immigrant from Haiti. She may be called to testify regarding her experiences of being stereotyped as a Haitian woman, her knowledge of the emotional impact of Harborview's conduct on Ms. Brzycki, and her observations of Tricia O'Donohue's conduct toward Haitian people.

      12.    **Tricia O'Donohue** (will testify)
             c/o Seth Berntsen and Hathaway Burden
             Summit Law Group
             315 Fifth Avenue, Suite 1000
             Seattle, WA 98104

Ms. O'Donohue is the Stroke Program Manager at Harborview. She will be called to testify about her interactions with Ms. Brzycki in 2016 and 2017, her investigation of Ms. Brzycki's time and attendance, the decision to issue Step C Final Counseling discipline to Ms. Brzycki, and the part-time schedule she issued in response to Ms. Brzycki's June 2017 request for reasonable accommodations.

      13.    **Kelly Paananen** (possible witness only)
             c/o Seth Berntsen and Hathaway Burden
             Summit Law Group
             315 Fifth Avenue, Suite 1000
             Seattle, WA 98104

Ms. Paananen is the Director of Health Care Specialists at Harborview. She may be called to testify about her interactions with Ms. Brzycki between 2015 and 2017, Ms. Brzycki's role as Stroke Health Care Specialist and about Harborview's November 2016 – April 2017 investigation of Ms. Brzycki's time and attendance.

      14.    **Sabrina Snow** (will testify)
             6605 Sidney Rd. SW
             Port Orchard, WA  98367

206-817-9086

Ms. Snow is a former Union field organizer for SEIU Healthcare 1199NW and was Ms. Brzycki's Union representative during Kim Francis's investigation of Ms. Brzycki's November 18, 2016 complaint and during Harborview's November 2016 – April 2017 investigation of Ms. Brzycki's time and attendance. She will be called to testify regarding her observations during these investigations and regarding SEIU Healthcare 1199NW's collective bargaining agreement with Harborview.

Note: Ms. Snow may need an accommodation for a disability to facilitate her testimony.

15.   **David Tirschwell, M.D.** (possible witness only)
c/o Seth Berntsen and Hathaway Burden
Summit Law Group
315 Fifth Avenue, Suite 1000
Seattle, WA 98104

Dr. Tirschwell is the medical director of the Harborview Stroke Center. He may be called to testify about the mission and purpose of Harborview's Comprehensive Stroke Center, his interactions with Ms. Brzycki between 2015 and 2017, his concerns about Ms. Brzycki's performance and conduct, and correspondence he wrote and feedback he provided concerning the same.

**NOTE:** Plaintiff also reserves the right to call at trial any witness designated by Defendants. Plaintiff also reserves the right to supplement her witness list.

**B.      On behalf of Defendants**

1.   **Marthilde Brzycki** (will testify)
c/o Frank Freed Submit & Thomas LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
206-682-6711

Plaintiff is expected to testify as to the facts pertinent to her claims and alleged damages.

2.   **Tricia O'Donohue** fka Roland (will testify)
c/o Seth Berntsen and Hathaway Burden
Summit Law Group PLLC
315 Fifth Avenue S, Suite 1000

Seattle, WA 98104

Ms. O'Donohue is expected to testify as to her background, management of the Stroke Program, her dealings with Ms. Brzycki, issues with Ms. Brzycki's performance and conduct, other issues pertinent to Plaintiff's claims and Defendants' defenses, and the various issues set forth in her declarations in this matter.

3.     **Nola Balch** (will testify)
       c/o Seth Berntsen and Hathaway Burden
       Summit Law Group PLLC
       315 Fifth Avenue S, Suite 1000
       Seattle, WA 98104

Ms. Balch is expected to testify as to her background, dealings and interactions with Ms. Brzycki, issues with Ms. Brzycki's performance and conduct, Balch's investigations and findings, and the various issues set forth in her declarations in this matter.

4.     **Kim Francis** (will testify)
       c/o Seth Berntsen and Hathaway Burden
       Summit Law Group PLLC
       315 Fifth Avenue S, Suite 1000
       Seattle, WA 98104

Ms. Francis is expected to testify as to her background, dealings and interactions with Ms. Brzycki, and the various issues set forth in her declaration in this matter.

5.     **Kathy Hare** (will testify)
       c/o Seth Berntsen and Hathaway Burden
       Summit Law Group PLLC
       315 Fifth Avenue S, Suite 1000
       Seattle, WA 98104

Ms. Hare is expected to testify as to her background, dealings and interactions with Ms. Brzycki, and the various issues set forth in her declaration in this matter.

6.     **Tammie English** (possible)
       c/o Seth Berntsen and Hathaway Burden
       Summit Law Group PLLC
       315 Fifth Avenue S, Suite 1000
       Seattle, WA 98104

Ms. English may be called to testify as to her work at Harborview and the Stroke Center and her dealings with Ms. Brzycki and Ms. O'Donohue.

7.     **Kelly Paananen** (will testify)
         c/o Seth Berntsen and Hathaway Burden
         Summit Law Group PLLC
         315 Fifth Avenue S, Suite 1000
         Seattle, WA 98104

Ms. Paananen is expected to testify as to her background, dealings and interactions with Ms. Brzycki, issues with Ms. Brzycki's performance and conduct, investigations into Brzycki's conduct, duties and responsibilities of ARNPs at Harborview, and the various issues set forth in her declaration in this matter.

8.     **Dr. David Tirschwell** (will testify)
         c/o Seth Berntsen and Hathaway Burden
         Summit Law Group PLLC
         315 Fifth Avenue S, Suite 1000
         Seattle, WA 98104

Dr. Tirschwell is expected to testify as to his background, the Stroke Center and Clinic and his work there, his dealings and interactions with Ms. Brzycki, issues with and concerns about Ms. Brzycki's performance and conduct, and the correspondence he wrote and feedback he provided concerning the same.

9.     **Alina McLauchlan** (will testify)
         c/o Seth Berntsen and Hathaway Burden
         Summit Law Group PLLC
         315 Fifth Avenue S, Suite 1000
         Seattle, WA 98104

Ms. McLauchlan will testify about her background, UCIRO's role, her work at UCIRO, her communications and dealings with Brzycki, her investigation into Brzycki's UCIRO and EEOC complaints and her findings concerning the same, and other issues set forth in her declaration.

10.    **Mags Aleks** (will testify)
         c/o Seth Berntsen and Hathaway Burden
         Summit Law Group PLLC
         315 Fifth Avenue S, Suite 1000
         Seattle, WA 98104

Ms. Aleks is expected to testify as to her background, her work at the University, UCIRO's

role at the University, and her interactions and dealings with Plaintiff relating to Brzycki's 2015 complaint to UCIRO, and the issues set forth in her declaration in this matter.

11. **Kyra Becker** (will testify)
c/o Seth Berntsen and Hathaway Burden
Summit Law Group PLLC
315 Fifth Avenue S, Suite 1000
Seattle, WA 98104

Dr. Becker is expected to testify as to her background, the Stroke Center and Clinic and her work there, her dealings and interactions with Ms. Brzycki, issues with and concerns about Ms. Brzycki's performance and conduct and the correspondence she wrote and feedback she provided concerning the same.

12. **Anna Krumpe** (possible)
c/o Seth Berntsen and Hathaway Burden
Summit Law Group PLLC
315 Fifth Avenue S, Suite 1000
Seattle, WA 98104

Ms. Krumpe may be called to testify about her work at Harborview and in the Neurology and in the Stroke Clinic, filling in for Ms. Brzycki when she was on medical leave, preparing for and charting patient visits, working and communications with Brzycki, and related issues.

13. **Vicky Johnson** (possible)
425-478-3890
Florida

Ms. Johnson may be called to testify as to her background, her work at Harborview and as Manager of the Stroke Program, her interactions and dealings with Plaintiff, her issues and concerns with Plaintiff and to address the accusations Plaintiff has made against her in this case.

14. **Myriah Hibbard** (possible)
253-227-8906

Ms. Hibbard may be called to testify as to her background, her work at Harborview and as Manager of the Stroke Program, her interactions and dealings with Plaintiff, her issues and concerns with Plaintiff and related issues.

15. **Dawn Drury** (possible)

Unknown

Ms. Drury may be called to testify as to her background, her work at Harborview and as Stroke Resource Nurse, her interactions and dealings with Plaintiff, her issues and concerns with Plaintiff and related issues.

16.    **Dr. Rizwan Kalani** (possible)
       c/o Seth Berntsen and Hathaway Burden
       Summit Law Group PLLC
       315 Fifth Avenue S, Suite 1000
       Seattle, WA 98104

Dr. Kalani may be called to testify as to his background, his work at Harborview and to dealings and interactions and observations of Plaintiff.

17.    **Ashvin Thomas** (possible)
       apthomas@uw.edu
       206-543-4028
       Box 354984
       1410 NE Campus Parkway
       Seattle, WA 98195

Mr. Thomas may be called to testify as to his background, his work at the University, his assistance with the investigation into Plaintiff's conduct, information he provided to Ms. Balch about Ms. Brzycki's conduct, his attendance at and observations of the second investigatory meeting, and related issues.

18.    **Zenaida Shattuck** (possible)
       c/o Seth Berntsen and Hathaway Burden
       Summit Law Group PLLC
       315 Fifth Avenue S, Suite 1000
       Seattle, WA 98104

Ms. Shattuck may be called to testify as to her background, her work at the University, her and her department's assistance with the investigation into Plaintiff's conduct, her attendance at and observations of the first investigatory meeting, and related issues.

19.    **Abby Tesfamariam,** (will testify, *via perpetuation deposition*)
       206.362.7305
       atesfama@hotmail.com

Ms. Tesfamariam has already testified in this matter and her testimony will be presented at

PRETRIAL ORDER - 18
CASE NO. 2:18-cv-01582-MJP

trial on all issues upon which she was examined, including her background, her work at Harborview, her investigation into the Stroke Center, and her findings and assessments, including those related to Plaintiff.

    20.    **Darcy Jaffe** (possible)
            206.216-2501 work

Ms. Jaffe may be called to testify about her work at Harborview and her knowledge of issues with Plaintiff's performance and conduct and decision-making relating to Plaintiff, including the Final Counsel.

    21.    **Sandra Elliott** (possible)
            selliott@uw.edu
            206-598-3975, 206 598-4480
            Box 356152
            1410 NE Campus Parkway
            Seattle, WA 98195

Ms. Elliott may be called to testify as to her work at the University as a Nurse Recruiter, Plaintiff's job applications to positions at UWMC, how those applications were handled, and other issues, including those addressed in her declaration in this matter.

    22.    **Beth Louie** (will testify, *via perpetuation deposition*)
            c/o Seth Berntsen and Hathaway Burden
            Summit Law Group PLLC
            315 Fifth Avenue S, Suite 1000
            Seattle, WA 98104

Ms. Louie has already testified in this matter and her testimony will be presented at trial on all issues upon which she was directly examined, including her handling of Plaintiff's late 2016 complaint to UCIRO, her interview of Plaintiff, and her conclusions and actions concerning the same.

    23.    **Jennifer Petritz** (will testify, *via perpetuation deposition*)
            c/o Seth Berntsen and Hathaway Burden
            Summit Law Group PLLC
            315 Fifth Avenue S, Suite 1000
            Seattle, WA 98104

Ms. Petritz will be testifying via perpetuation deposition and her deposition may be

presented at trial concerning her work at the University and Harborview, practices and procedures of human resources at Harborview, her involvement in issues relating to Ms. Brzycki, including but not limited to responding to complaints Plaintiff made.

**NOTE**:  Defendants reserve the right to call at trial any witness designated by Plaintiff. Defendants also reserve the right to supplement their witness list.

## VII.    EXHIBITS

### A.    Plaintiff's Exhibits

| Ex. No. | Date | Bates No. | Description | Admissibility Stipulated | Authenticity Admitted Admissibility Disputed | Authenticity and Admissibility Disputed | Admitted |
|---|---|---|---|---|---|---|---|
| 1. | 10/22/2014 | UWMB007619 | Performance Evaluation | | X ER 401, 403. MIL ER 801, 802, Hearsay | | |
| 2. | 11/3/2014 | UWMB00000616 | Brzycki RN2 Offer Letter | X | | | |
| 3. | 1/26/2015 | UWMB00000638 | Brzycki Stroke HCS Offer Letter | X | | | |
| 4. | 8/25/2015 | UWMB000002569 | Email from Brzycki to UCIRO re Work environment | X | | | |
| 5. | 8/26/2015 | UWMB002950 | Email from Hare to Balch re FW: stroke area | X | | | |
| 6. | 8/25/2015 | UWMB008626 | Email from Hare to Brzycki | X | | | |
| 7. | 9/6/2015 | MB-002537 | Printout of Brzycki's weekly schedule | | | X ER 401, 403 | |
| 8. | 10/?/2015 | UWMB002947 | Challenges in the Stroke Center document | X | | | |
| 9. | 2015 | MB-000065 | Excerpts of CBA between Harborview and SEIU Healthcare 1199NW | | | X ER 401, 403 Not comp | |

| Ex. No. | Date | Bates No. | Description | Admissibility Stipulated | Authenticity Admitted Admissibility Disputed | Authenticity and Admissibility Disputed | Admitted |
|---|---|---|---|---|---|---|---|
| | | | | | | lete. Not best evidence | |
| 10. | 4/1/2016 | MB-001000 | Email from Brzycki to Arning re friend from Haiti | | | X ER 401, 403 ER 801, 802, Hearsay | |
| 11. | 5/12/2016 | MB-000702 | Email from Hibbard to Brzycki re Confidential email | | | X ER 401, 403 Foundation. ER 801, 802, Hearsay | |
| 12. | 5/18/2016 | MB-000707 | Email from Brzycki to Becker re Patient f/u ARNP outpatient visit | | X ER 401, 403 | | |
| 13. | 5/19/2016 | MB-000705 | Email from Brzycki to Hibbard re patient ed on units | | | X ER 401, 403 Foundation. ER 801, 802, Hearsay | |
| 14. | 7/26/2016 | UWMB008698 | Email from Hare re Tricia Roland accepts Stroke Center Manager position | X | | | |

| Ex. No. | Date | Bates No. | Description | Admissibility Stipulated | Authenticity Admitted Admissibility Disputed | Authenticity and Admissibility Disputed | Admitted |
|---|---|---|---|---|---|---|---|
| 15. | 7/27/2016 | UWMB008700 | Email from Hare to Brzycki re Evaluation | | X ER 401, 403 | | |
| 16. | 8/3/2016 | MB-002360 | Email from Drum to Ezell, Brzycki re For your review: New Stroke Call Algorithm | | | X ER 401, 403 Foundation. ER 801, 802, Hearsay | |
| 17. | 8/12/2016 | MB-000829 | Email from Brzycki to Hare Re: Job Duties/Description | X | | | |
| 18. | 9-11/2016 | UWMB00001238 | Multiple emails from Roland regarding Brzycki | X | | | |
| 19. | 11/3/2016 | UWMB008735 | Email from Hare to Brzycki re role as a provider | X | | | |
| 20. | 11/14/2016 | UWMB009418 | Email from Brzycki to Paananen re ARNP role | X | | | |
| 21. | 11/16/2016 | UWMB005539 | Email from Brzycki re Stroke QI Meeting | X | | | |
| 22. | 11/17/2016 | UWMB006137 | Letter from Roland re Investigatory Meeting | X | | | |
| 23. | 11/18/2016 | UWMB009506 | Email from Hare to Brzycki et al re Disciplinary meeting for work performance and hours worked, requested by Tricia Roland | X | | | |
| 24. | 11/18/2016 | UWMB0002616 | Email from Brzycki to UCIRO re Discrimination and bullying from manager | X | | | |
| 25. | 11/21/2016 | UWMB0002606 | Intake Notes | X | | | |
| 26. | 11/29/2016 | UWMB00001178 | Francis meeting notes | X | | | |
| 27. | 2016 | MB-002185 | M.Brzycki, ARNP- How I manage my time | X | | | |

| Ex. No. | Date | Bates No. | Description | Admissibility Stipulated | Authenticity Admitted Admissibility Disputed | Authenticity and Admissibility Disputed | Admitted |
|---|---|---|---|---|---|---|---|
| 28. | 12/5/2016 | MB-000692 | Email re HMC Reappointment | X | | | |
| 29. | 12/8/2016 | UWMB002925 | Health Care Provider Certification by Schuringa | X | | | |
| 30. | 12/13/2016 | UWMB00001177 | Francis meeting notes | X | | | |
| 31. | 1/3/2017 | UWMB002922 | Health Care Provider Certification by Schuringa | X | | | |
| 32. | 1/11/2017 | UWMB00001177 | Letter from Francis | X | | | |
| 33. | 1/2017 | UWMB003089 | UW Medicine Chart Policy | X | | | |
| 34. | 1/17/2017 | UWMB00290 | Letter from Schuringa | | X ER 401, 403 | | |
| 35. | 2/14/2017 | UWMB004433 | Email from Brzycki re Hours verified | X | | | |
| 36. | 2/14/2017 | MB-002353 | Letter from Hare re Administrative Leave | X | | | |
| 37. | 2/17/2017 | MB-000017 | Email from Brzycki re Compliance Audit Results | | | X Not best evidence. Incomplete (missing pages). | |
| 38. | | | WITHDRAWN | | | | |
| 39. | 4/18/2017 | UWMB007456 | Employee grievance | | X ER 401, 403 ER 801, 802, Hearsay | | |
| 40. | 4/21/2017 | UWMB009687 | Email from Brzycki to Becker and Tirschwell | | X ER 401, 403 | | |
| 41. | 4/27/2017 | UWMB004736 | Email from Carnes re New EEOC charge | X | | | |

| Ex. No. | Date | Bates No. | Description | Admissibility Stipulated | Authenticity Admitted Admissibility Disputed | Authenticity and Admissibility Disputed | Admitted |
|---|---|---|---|---|---|---|---|
| 42. | 4/27/2017 | UWMB002903 | Health Care Provider Certification by Sternoff | X | | | |
| 43. | 5/4/2017 | MB-00023 | EEOC Charge | | X ER 401 403 | | |
| 44. | 5/30/2017 | UWMB002900 | Letter from Sternoff | X | | | |
| 45. | 6/27/2017 | UWMB002893 | Health Care Provider Certification by Sternoff | X | | | |
| 46. | 6/28/2017 | UWMB00001631 | Email from Francis re Mattie Brzycki | X | | | |
| 47. | 6/30/2017 | UWMB005117 | Email from Roland re Your return to work on 7/3 | X | | | |
| 48. | 6/30/2017 | UWMB005122 | Email from Brzycki re Your return to work on 7/3 | X | | | |
| 49. | 6/30/2017 | UWMB005127 | Email from Roland re Your return to work on 7/3 | X | | | |
| 50. | | | WITHDRAWN | | | | |
| 51. | | | WITHDRAWN | | | | |
| 52. | 7/13/2017 | UWMB005327 | Email from Roland re Stroke Center MB modified schedule | X | | | |
| 53. | 7/18/2017 | UWMB010956 | Email from Petritz re Complaint Response | X | | | |
| 54. | 7/19/2017 | UWMB10959 | Email from Brzycki re Complaint Response | X | | | |
| 55. | 7/28/2018 | MB-000039 | Letter from McLauchlan | X | | | |
| 56. | | | WITHDRAWN | | | | |
| 57. | 8/4/2017 | MB-002082 | Letter from Stell | X | | | |
| 58. | 8/9/2017 | MB-002182 | Letter from McLauchlan | X | | | |
| 59. | 8/16/2017 | MB-000047 | EEOC Charge | X | | | |
| 60. | 8/25/2017 | UWMB005517 | Email from McLauchlan re EEOC Charge Notification – Marthilde Brzycki | X | | | |
| 61. | 10/18/2017 | MB-000332 | Health Care Provider Statement by Stell | X | | | |
| 62. | 11/11/2017 | MB-000337 | Health Care Provider Statement by Stell | X | | | |
| 63. | 11/18/2017 | UWMB00001993 | Email from Stell re Fax | X | | | |
| 64. | 11/29/2017 | UWMB00002039 | Email from Brzycki re | X | | | |

| Ex. No. | Date | Bates No. | Description | Admissibility Stipulated | Authenticity Admitted Admissibility Disputed | Authenticity and Admissibility Disputed | Admitted |
|---|---|---|---|---|---|---|---|
| | | | Status of disability accommodation request | | | | |
| 65. | 2011-2017 | UWMB00002767 | Harborview Pay Records | X | | | |
| 66. | 6/16/2017 | UWMB00002768 | Harborview Pay Records | X | | | |
| 67. | | | Harborview 2017 Pay History Summary (FRE 1006) | | | X Not best evidence. Foundation. ER 801, 802, Hearsay | |
| 68. | | | Summary Timeline | | | X Not best evidence. Foundation. ER 801, 802, Hearsay | |
| 69. | Various | MB-000723 | WOW Cards (will redact names in final exhibit) | | | X MIL ER 801, 802, Hearsay | |
| 70. | | | Harborview Campus Map | X | | | |
| 71. | | | PHOTO: Harborview Aerial View | X | | | |
| 72. | | | PHOTO: Harborview Entrance | X | | | |
| 73. | | | PHOTO: Ninth and Jefferson Entrance | X | | | |

| Ex. No. | Date | Bates No. | Description | Admissibility Stipulated | Authenticity Admitted Admissibility Disputed | Authenticity and Admissibility Disputed | Admitted |
|---------|------|-----------|-------------|--------------------------|----------------------------------------------|-----------------------------------------|----------|
| 74. | 11/11/19 | | PHOTO: Neurology Library 1 | X | | | |
| 75. | 11/11/19 | | PHOTO: Neurology Library 2 | X | | | |
| 76. | 11/11/19 | | PHOTO: Provider Room 1 | X | | | |
| 77. | 11/11/19 | | PHOTO: Provider Room 2 | X | | | |
| 78. | 11/11/19 | | PHOTO: Stroke Center 1 | X | | | |
| 79. | 11/11/19 | | PHOTO: Stroke Center 2 | X | | | |
| 80. | 11/11/19 | | PHOTO: Stroke Center 3 | X | | | |
| 81. | 11/11/19 | | PHOTO: Stroke Center 4 | X | | | |
| 82. | 11/11/19 | | PHOTO: Stroke Center 5 | X | | | |
| 83. | 11/11/19 | | PHOTO: Stroke Clinic 1 | X | | | |
| 84. | 11/11/19 | | PHOTO: Stroke Clinic 2 | X | | | |
| 85. | 11/11/19 | | PHOTO: Stroke Clinic 3 | X | | | |
| 86. | | | WITHDRAWN | | | | |
| 87. | | | WITHDRAWN | | | | |
| 88. | TBA | | PHOTO: Family 1 | | | X MIL | |
| 89. | TBA | | PHOTO: Family 2 | | | X MIL | |
| 90. | TBA | | PHOTO: Marthilde Brzycki | | | X MIL | |
| 91. | TBA | | PHOTO: Marthilde Brzycki with Daughter | | | X MIL | |
| 92. | TBA | | PHOTO: Rainier | | | X MIL | |
| 93. | TBA | | PHOTO: San Francisco | | | X MIL | |
| 94. | TBA | | PHOTO: Snow Play | | | X MIL | |
| 95. | TBA | | PHOTO: Thanksgiving | | | X MIL | |
| 96. | TBA | | PHOTO: Brzyckis at Harborview | | | X MIL | |
| 97. | 9/9/2016 | MB-000901 | Email from Tricia Roland RE: Good morning | | X ER 401, 403 ER 801, 802, Hearsay | | |

**B.     Defendants' Exhibits**

| Def Ex No | Date | Document | Bates | Stip Adm | Stip Auth But not Adm | Object to Auth and Adm | Adm |
|---|---|---|---|---|---|---|---|
| 101 | | UCIRO file | UWMB0002589-2617 | X | | | |
| 102 | | Information About UCIRO | UWMB003374-3376 | X | | | |
| 103 | | UW Policy Directory Presidential Orders Executive Order No. 31 | UWMB003378-3383 | X | | | |
| 104 | | UW Policy Directory Administrative Police Statement 46.3 | UWMB003384-3389 | X | | | |
| 105 | 11/23/2015 | Email Hare to Balch re document with att. (Stroke work flow.docx) | UWMB006012-6017 | X | | | |
| 106 | 10/01/2015 | Petritz interview questions for and notes of interview of Dawn Drury | UWMB003044-3049 | | Hearsay | | |
| 107 | 02/14/2017 | Email from Balch to Petritz re Hours verified | UWMB006804-6805 | X | | | |
| 108 | 07/12-18/17 | Emails between Petritz and Brzycki | UWMB010956-10958 | X | | | |
| 109 | 07/13/2017 | Email from Roland to Petritz with attachments | UWMB005327-5342 | X | | | |
| 110 | | Clinic updated with totals excel document | UWMB005340 (native) | X | | | |
| 111 | 07/12/2017 | Emails between Petritz and Brzycki | UWMB010933-10935 | X | | | |
| 112 | 07/2008 | Job description - Clinical Nurse Practitioner | UWMB00000031-33 | | Foundation; 401, 402 | | |
| 113 | 09/14/2011 | Resume | UWMB00000582-584 | | 401, 402 | | |
| 114 | 10/21/2014 | Resume | UWMB00000611-613 | X | | | |
| 115 | 11/13/2014 | Letter to Marthilde Brzycki re offer to employ as Health Care Specialist | UWMB00000628 | X | | | |
| 116 | 12/18/2014 | Schuringa medical records | MB-001901-1906 | X | | | |
| 117 | 12/18/2014 | Schuringa medical records | MB-001906-1910 | X | | | |
| 118 | 02/20/2015 | FW: Stroke Clinic Apts | MB000983-86 | | MIL | | |
| 119 | 08/25/2015 | Email from MB to Aleks re Your UCIRO inquiry | UWMB0002574-2575 | X | | | |
| 120 | 08/25/2015 | Email from Mags Aleks to MB re "Your UCIRO Inquiry" | UWMB0002580 | | 403 (cumulative) | | |

| Def Ex No | Date | Document | Bates | Stip Adm | Stip Auth But not Adm | Object to Auth and Adm | Adm |
|---|---|---|---|---|---|---|---|
| 121 | 08/26/2015 | Aleks handwritten notes [t/c from Marthilde Brzycki, ok to close for now] | UWMB0002583 | | Found ation, Hears ay | | |
| 122 | 08/26/2015 | Emails b/w MB and Nola Balch re "Your call" | USMB002963-2964 | X | | | |
| 123 | 08/26/2015 | Hare email to Plaintiff | UWMB008626 | X | | | |
| 124 | 08/26/2015 | Handwritten notes | UWMB002952-2961 | X | | | |
| 125 | 08/27/2015 | Health Care Specialist Job Description | UWMB00001377-1378 | | Found ation | | |
| 126 | 09/03/2015 | Handwritten notes re Stroke Investigation | UWMB003013 | X | | | |
| 127 | 10/09/2015 | Notes re Workplace Investigation Wrap-Up | UWMB003060-3062 | X | | | |
| 128 | 10/13/2015 | FW: salary/overtime | MB000978-79 | X | | | |
| 129 | 12/01/2015 | Agenda | UWMB00000976 | X | | | |
| 130 | 12/24/2015 | Email from MB to Miryah Hibbard re Meeting with Kathy Hare and Kelly | MB-000676 | X | | | |
| 131 | 10/04/2016 | Roland email re Kronos Punch | UWMB006051 | X | | | |
| 132 | 10/26/2016 | Roland emails with physicians | UWMB003835-3836 | X | | | |
| 133 | 10/28/2016 | Email re SSRS Punch Origin Report | UWMB00000046-50 | X | | | |
| 134 | 10/31/2016 | Card Activity Report 8/1/16-10/31/16 | UWMB00001228-1230 | X | | | |
| 135 | 11/01/2016 | Concerns re MB written on 11/1/2016 | UWMB00001236 | X | | | |
| 136 | 11/01/2016 | Notes re 1:1 w/ Tricia Roland | UWMB000057 | X | | | |
| 137 | 11/01/2016 | Email from Roland to Roland re rounds | UWMB0000058 | | Hears ay | | |
| 138 | 11/09/2016 | Card Activity Report from 11/1/16-11/7/16 | UWMB00001255 | X | | | |
| 139 | 11/09/2016 | Clock-in/Garage Entry Discrepancies 8/1/16-11/7/16 | UWMB00000091-92 | X | | | |
| 140 | 11/10/2016 | Notes | UWMB00000065-66 | X | | | |
| 141 | 11/10/2016 | Email from Roland to Balch and others FW: This AM rounds, with various emails | UWMB00000067-77 | | Hears ay | | |
| 142 | 11/14/2016 | Email from Roland to Roland and Balch re early | UWMB00000078 | X | | | |

| Def Ex No | Date | Document | Bates | Stip Adm | Stip Auth But not Adm | Object to Auth and Adm | Adm |
|---|---|---|---|---|---|---|---|
| | | mornings in the office for MB | | | | | |
| 143 | 11/14/2016 | Email from Roland to Balch and others re MatTie and Stroke Center Meeting 11/14/16 | UWMB00000079 | X | | | |
| 144 | 11/14/2016 | Email thread from Kelly Paananen to Tricia Roland, Nola Balch re "ARNP role" with attachment | UWMB00001271-1274 | X | | | |
| 145 | 11/14/2016 | Audio recording of Stroke Center Meeting | UWMB003241 | X | | | |
| 146 | 11/14/2016 | Schuringa medical records | MB-001910-1916 | X | | | |
| 147 | 11/15/2016 | Email from Roland to Balch, Paananen re FW: Today's rounds | UWMB00000084-85 | X | | | |
| 148 | 11/15/2016 | Balch notes re Investigation Touch Base Mtg | UWMB00001279-1281 | X | | | |
| 149 | 11/15/2016 | Balch Notes re meeting with Kelly P & Tricia R | UWMB00000093-94 | X | | | |
| 150 | 11/16/2016 | Roland email to Balch, Paananen | UWMB00000095-96 | X | | | |
| 151 | 11/16/2016 | Roland email to Balch, Paananen | UWMB00000097-98 | X | | | |
| 152 | 11/17/2016 | Email from Roland to Balch re FW Stroke Q1 Meeting | UWMB00001296-1301 | X | | | |
| 153 | 11/17/2016 | Roland email re FW: Clinic Appt times | UWMB00000102-103 | X | | | |
| 154 | 11/18/2016 | Email with card activity report | UWMB00000114-115 | X | | | |
| 155 | 11/18/2016 | Email re FW Submitted Time Off Days… | UWMB00000116-117 | X | | | |
| 156 | 11/18/2016 | Email from UCIRO to MB re Your Inquiry re Complaint Processes | UWMB0002614-2615 | X | | | |
| 157 | 11/18/2016 | Email from Balch to Francis re Disciplinary meeting for work performance and hours worked, requested by | UWMB00001116-1130 | X | | | |

| Def Ex No | Date | Document | Bates | Stip Adm | Stip Auth But not Adm | Object to Auth and Adm | Adm |
|---|---|---|---|---|---|---|---|
| | | Tricia Roland (with attachments) | | | | | |
| 158 | 11/18/2016 | Email string re Disciplinary meeting for work performance… | UWMB00001311-1314 | X | | | |
| 159 | 11/20/2016 | Dr. Tirschwell email re Some comments on this doc | UWMB004024-4027 | | 401, 402 | | |
| 160 | 11/21/2016 | Email re OT | UWMB00000137-138 | X | | | |
| 161 | 11/22/2016 | Tirschwell email Re QI: confidential | UWMB009838-9840 | X | | | |
| 162 | 11/23/2016 | Email from Roland to Balch re Stroke Center | UWMB00000139 | X | | | |
| 163 | 11/23/2016 | Stell Chart Notes | MB-001865-1896 | X | | | |
| 164 | 11/30/2016 | Roland email to Roland and Balch re Mattie and rounds | UWMB00000148 | X | | | |
| 165 | 12/02/2016 | Balch email re Investigatory Interview: Monday 12/5 | UWMB006286-6292 | X | | | |
| 166 | 12/05/2016 | Attendance/Work Hours and Work Performance Concerns, HMC Stroke Program, December 2016 | UWMB006505-6514 | X | | | |
| 167 | 12/05/2016 | Investigatory Interview: Clock-In/Garage Entry Discrepancies 8/1/16-11/17/16 | UWMB00001358-1368 | X | | | |
| 168 | 12/05/2016 | OfficeMax handwritten notes | MB-001932-1956 | X | | | |
| 169 | 12/06/2016 | Email from Tirschwell to MB re MB Compliance Audit Results | UWMB003177-3179 | X | | | |
| 170 | 12/06/2016 | Email from MB to David Tirschwell w/att | MB-000710-719 | | MIL | | |
| 171 | 12/06/2016 | Email string re out sick | UWMB00000223 | X | | | |
| 172 | 12/06/2016 | Email string re Please cancel clinic patients | UWMB00000225-227 | X | | | |
| 173 | 12/06/2016 | Balch email to Snow re Continuation of | UWMB006308 | X | | | |

| Def Ex No | Date | Document | Bates | Stip Adm | Stip Auth But not Adm | Object to Auth and Adm | Adm |
|---|---|---|---|---|---|---|---|
| | | Investigatory Interview: M. Brzycki | | | | | |
| 174 | 12/07/2016 | Letter from Schuringa | MB-001763 | X | | | |
| 175 | 12/08/2016 | Email from Paananen to Longstreth re Information re healthcare specialist with attachment | UWMB009887-9889 | X | | | |
| 176 | 12/08/2016 | FML Certification | UWMB002925-2926 | | 403 (dup of 29) | | |
| 177 | | WITHDRAWN | | | | | |
| 178 | 12/12/2016 | Medical Leave-FMLA Approval | UWMB00000742 | X | | | |
| 179 | 01/03/2017 | FML Certification | UWMB002922-2923 | | 403 (dup of 31) | | |
| 180 | 01/04/2017 | Medical Leave-FMLA-Extended | UWMB00000745 | X | | | |
| 181 | 01/09/2017 | Email from Tirschwell to MB et al re M. Brzycki - My hours works - stroke clinic, center office, ect. (with attachment) | UWMB006476-6479 | X | | | |
| 182 | 01/09/2017 | Email from Tirschwell to MB et al | UWMB00001381-1383 | X | | | |
| 183 | 01/17/2017 | Overlake record - Gow MA | MB-002695 | X | | | |
| 184 | 01/17/2017 | Letter from Schuringa | UWMB002920 | | 403 (dup of 34) | | |
| 185 | 01/25/2017 | Medical Leave-FMLA Approval-Revised | UWMB00000747 | X | | | |
| 186 | 01/25/2017 | Email from Francis to Debbie Reandeau, Nola Balch re Mathilde Brzycki - Additional Information follow up | UWMB00001610 | | 401, 402 | | |
| 187 | 02/02/2017 | Paananen notes re meeting with Mattie and Tricia | UWMB00001388 | X | | | |
| 188 | 02/02/2017 | Email from Roland to Balch re Documentation of | UWMB006620-6622 | X | | | |

| Def Ex No | Date | Document | Bates | Stip Adm | Stip Auth But not Adm | Object to Auth and Adm | Adm |
|---|---|---|---|---|---|---|---|
| | | conversation with MB on 2/2 | | | | | |
| 189 | 02/02/2017 | Tirschwell email re Call from Mattie | UWMB006628 | X | | | |
| 190 | 02/03/2017 | Email string with Plaintiff, Tirschwell and others re Prep Time for clinic patients | UWMB00004379 | X | | | |
| 191 | 02/03/2017 | Email string RE: FW: Fwd: Prep time for clinic patients | MB000358 | X | | | |
| 192 | 02/07/2017 | Roland to Brzycki email re Friday's Clinic Notes | UWMB00000235 | X | | | |
| 193 | 02/07/2017 | Roland email to Roland, Paananen, Hare, Balch re Stroke Clinic | UWMB00000240-242 | X | | | |
| 194 | 02/13/2017 | Attendance/Work Hours and Work Performance Concerns, HMC Stroke Program, Second Investigatory Interview, February 2017 | UWMB00001424-1434 | X | | | |
| 195 | 02/14/2017 | Paananen notes re meeting with Mattie and Kathy Hare | UWMB00001441 | X | | | |
| 196 | 02/16/2017 | Attendance/Work Hours and Work Performance Concerns, HMC Stroke Program, Third Investigatory Interview, February 2017 | UWMB00001443-1446 | X | | | |
| 197 | 02/17/2017 | Email from Roland to Balch re Third Investigatory Interview with MB TR notes | UWMB006899-6904 | X | | | |
| 198 | 03/01/2017 *Date approx* | Investigatory Findings - M. Brzycki | UWMB00001506-1511 | X | | | |
| 199 | 03/08/2017 | Email from Thomas to Balch re KRONOS SSRS Punch Origin Report | UWMB007000-7003 | X | | | |
| 200 | 03/16/2017 | Email from Roland to Balch re Stroke Center - MB with att. (Observations | UWMB004511-4513 | | Hearsay | | |

| Def Ex No | Date | Document | Bates | Stip Adm | Stip Auth But not Adm | Object to Auth and Adm | Adm |
|---|---|---|---|---|---|---|---|
| | | regarding Marthilde Brzycki.docx) | | | | | |
| 201 | 03/17/2017 | Email string Re: next steps-confidential | UWMB007015 | | Hearsay | | |
| 202 | 03/30/2017 | Balch email with Snow and notes | UWMB00000354-355 | X | | | |
| 203 | 04/02/2017 | Email from Tirschwell to Balch re Confidential - Marthilde Brzycki | UWMB007097-7098 | | Hearsay | | |
| 204 | 04/07/2017 | Email from UCIRO to MB re UCIRO inquiry | UWMB011004 | X | | | |
| 205 | 04/07/2017 | Email from Balch to MB re Step C Final Counseling including att. (M_Brzycki Step C Final Counseling Packet_April 2017.pdf.) | UWMB007211-7255 | X | | | |
| 206 | 04/7/2017 | Balch email with union representatives re Step C Final Counseling Meeting | UWMB00000368-369 | X | | | |
| 207 | 04/11/2017 | Brzycki email to herself re Fwd: role as a provider | MB-000898 | | 401, 402, 403 (propose using UWMB008735 instead) | | |
| 208 | 04/13/2017 | EEOC Intake Questionnaire | MB-001714-1721 | X | | | |
| 209 | 04/17/2017 | Email to esgeneral@lni.wa.gov from MB re worker rights complaints | MB-000758-767 | | 401, 402, 403 | | |
| 210 | 04/18/2017 | Final Counsel handwritten notes | UWMB00000421-424 | X | | | |
| 211 | 04/21/2017 | Email from Paananen to MB, Roland, Tirschwell re Clinic | UWMB009702 | X | | | |
| 212 | 04/21/2017 | Email string Fwd: Clinic | UWMB004667-4668 | X | | | |
| 213 | 04/22/2017 | Email from MB to Paananen re conversation today | MB-000521-22 | | 401, 402, 403. Propo | | |

| Def Ex No | Date | Document | Bates | Stip Adm | Stip Auth But not Adm | Object to Auth and Adm | Adm |
|---|---|---|---|---|---|---|---|
| | | | | | se using UWM B0096 84-85 instea d | | |
| 214 | 04/25/2017 | FW: Today's meeting | MB000834-35 | | 401, 402, 403. Propo se using UWM B0046 81-82 instea d | | |
| 215 | 04/26/2017 | Roland Email to Balch, Hare, and Paananen re MB action plan | UWMB00000429-436 | X | | | |
| 216 | 04/26/2017 | Sternoff Chart Notes | MB-001916-1918 | X | | | |
| 217 | 04/26/2017 | UW FML Certification | UWMB002903-2905 | | 403 (dup of 42) | | |
| 218 | 05/05/2017 | Medical Leave-FMLA Approval | UWMB00000765 | X | | | |
| 219 | 05/08/2017 | Email from McLauchlan re MB re UCIRO intake | UWMB010999-011000 | X | | | |
| 220 | 05/08/2017 | EEOC Charge of Discrimination | UWMB007573-7574 | X | | | |
| 221 | 05/08/2017 | Email from McLauchlan to MB re UCIRO Intake | | | 403 (near dup of 219) | | |
| 222 | 05/08/2017 | Charge of Discrimination EEOC | MB-000023-25 | | 403 (dup of 43) | | |
| 223 | 05/26/2017 | Sternoff Chart Notes | MB-001918-1920 | X | | | |
| 224 | 05/30/2017 | Letter from Sternoff to Brzycki | UWMB002900-2901 | | 403 (dup of 44) | | |
| 225 | 05/31/2017 | Medical Leave letter | UWMB00000768 | X | | | |

| Def Ex No | Date | Document | Bates | Stip Adm | Stip Auth But not Adm | Object to Auth and Adm | Adm |
|---|---|---|---|---|---|---|---|
| 226 | 06/27/2017 | Leave Cert of Health Care Provider - Sternoff | UWMB002893-2894 | | 403 (incomplete dup of 45) | | |
| 227 | 06/27/2017 | UW FML Certification | UWMB002893-2895 | | 403 (dup of 45, near dup of 226 (adds cover)) | | |
| 228 | 06/29/2017 | Email b/w Kim Francis and Tricia Roland re Mattie Brzycki | UWMB005053-5055 | X | | | |
| 229 | 06/29/2017 | Letter to Annalie Greer from Alina McLauchlin | UWMB000000001-9 | | MIL | | |
| 230 | 06/30/2017 | Email from Balch to Roland, Hare re How's this? | UWMB005126 | X | | | |
| 231 | 06/30/2017 | Email from Roland to mjeanty re Your return to work on 7/3 with att. (MB modified schedule.pptx) | UWMB005069-5071 | X | | | |
| 232 | 06/30/2017 | Email from Roland to MB re MB modified schedule | UWMB0000780 | X | | | |
| 233 | | WITHDRAWN | | | | | |
| 234 | 06/30/2017 | Medical-Leave Disability Approval letter from Francis | UWMB00001641-1642 | X | | | |
| 235 | 07/07/2017 | Email from Francis to MB re Yesterday's questions | UWMB00001652-1661 | X | | | |
| 236 | 07/10/2017 | Email from Roland to Francis re MB ("private quiet place") | UWMB00001665-1670 | | 401, 402 | | |
| 237 | 07/11/2017 | Email from Roland to MB re Meeting - Final Consulting Action Plan Review, Modified Schedule Review | UWMB008052 | X | | | |
| 238 | 07/12/2017 | Health Care Provider Statement - Stell | UWMB002876-2881 | X | | | |

| Def Ex No | Date | Document | Bates | Stip Adm | Stip Auth But not Adm | Object to Auth and Adm | Adm |
|---|---|---|---|---|---|---|---|
| 239 | 07/12/2017 | Fax cover Sheet signed by M. Reid Stell, LMHC | UWMB00001684 | X | | | |
| 240 | 07/12/2017 | Francis email to numerous individuals re Mattie Brzycki | UWMB00001678 | X | | | |
| 241 | | WITHDRAWN | | | | | |
| 242 | 07/13/2017 | Letter re Medical Leave-Disability Approval | UWMB00000801-802 | X | | | |
| 243 | 07/17/2017 | Fwd: Updated HCP Information | MB000616-20 | | 401, 402, 403 (propose using UWMB005399 instead) | | |
| 244 | 07/28/2017 | Re: Tentative offer of employment NP position with VA Puget Sound (ARPA 2682360) | MB001272-73 | X | | | |
| 245 | 08/04/2017 | Email to Reid Stell from MB | MB-002104-2109 | X | | | |
| 246 | 08/04/2017 | Letter to Francis from Reid Stell | UWMB002859-2865 | X | | | |
| 247 | 08/04/2017 | Healthcare Provider Statement | MB-001815-1821 | X | | | |
| 248 | 08/04/2017 | Email to Stell encl Healthcare Provider Statement | MB-002104-2109 | X | | | |
| 249 | 08/16/2017 | EEOC Charge of Discrimination | UWMB005520 | X | | | |
| 250 | 08/16/2017 | Letter to MB from Francis re 6 Month Leave of Absence Status | UWMB00001712-1713 | X | | | |
| 251 | 08/16/2017 | Memo from Francis to MB re Medical Leave-Disability Approval | UWMB00001718-1719 | X | | | |
| 252 | 08/16/2017 | Email from Balch to Francis re M. Brzycki Accommodation - | UWMB008201 | X | | | |

| Def Ex No | Date | Document | Bates | Stip Adm | Stip Auth But not Adm | Object to Auth and Adm | Adm |
|---|---|---|---|---|---|---|---|
| | | Continued Leave of Absence | | | | | |
| 253 | 08/21/2017 | Email from Roland to Balch re MB questions with att. (M_Brzycki investigatory interview questions 08.21.17.docx) | UWMB008214-8217 | X | | | |
| 254 | 08/24/2017 | Roland to Balch email re MB questions updated for investigatory mtg | UWMB008220-8224 | X | | | |
| 255 | 09/29/2017 | Email from MB to Kalani | MB-001016 | X | | | |
| 256 | 10/03/2017 | Schuringa medical records | MB-001922-1931 | X | | | |
| 257 | 10/03/2017 | Sternoff Chart Notes | MB-001920-1922 | X | | | |
| 258 | 10/06/2017 | Letter to Mary Hammock from Alina McLauchlin re Respondent's Position Statement and Response to Request for Information | UWMB00000442-450 | | MIL | | |
| 259 | 10/08/2017 | Healthcare Provider Statement | MB-001845-1849 | X | | | |
| 260 | 10/18/2017 | Health Care Provider Statement - Stell | UWMB002825 | X | | | |
| 261 | 10/19/2017 | Email to Stell from MB re Kim's question regarding accommodation | MB-002043 | X | | | |
| 262 | | WITHDRAWN | | | | | |
| 263 | 10/20/2017 | Email to MB from Stell re Form for Ms. Brzycki | MB-002038-2040 | X | | | |
| 264 | | WITHDRAWN | | | | | |
| 265 | 10/23/2017 | October Email string | MB-002025-2032 | X | | | |
| 266 | 10/24/2017 | October Email string | MB-002018-2022 | X | | | |
| 267 | 10/25/2017 | Email from Stell to Francis re Form for Ms. Brzycki | UWMB002843-2853 | X | | | |
| 268 | 10/25/2017 | October Email string | MB-002008-2017 | X | | | |

| Def Ex No | Date | Document | Bates | Stip Adm | Stip Auth But not Adm | Object to Auth and Adm | Adm |
|---|---|---|---|---|---|---|---|
| 269 | | WITHDRAWN | | | | | |
| 270 | 10/25/2017 | October Email string | MB-002007 | X | | | |
| 271 | 11/09/2017 | Email from Francis to MB, Roland, Hare re M Brzucki Accommodation Implementation Letter (with att) | UWMB00001913-1915 | X | | | |
| 272 | 11/09/2017 | Email string Re: Meeting today | MB000363-64 | | 401, 402, 403. (propose using UWMB005715 instead) | | |
| 273 | 11/09/2017 | Letter re Medical Leave-Disability Approval | UWMB00000849-850 | X | | | |
| 274 | 11/10/2017 | Email string w/attached 11/19/17 Memo to Brzycki from Francis and Healthcare Provider Statement | MB-001985-1994 | X | | | |
| 275 | 11/11/2017 | Health Care Provider Statement - Stell | UWMB002809-2813 | X | | | |
| 276 | 11/11/2017 | Healthcare Provider Statement | MB-001860-1864 | | Cumulative (same contents as 275) | | |
| 277 | 11/12/2017 | VA- done | MB-001002 | X | | | |
| 278 | 11/13/2017 | Healthcare Provider Statement | MB-001855-1859 | X | | | |
| 279 | 11/16/2017 | Disability Accommodation Review Team Meeting | UWMB002793 | X | | | |
| 280 | 11/17/2017 | Fax from Francis to Stell with Health Care Provider Statement | UWMB002808 | X | | | |

| Def Ex No | Date | Document | Bates | Stip Adm | Stip Auth But not Adm | Object to Auth and Adm | Adm |
|---|---|---|---|---|---|---|---|
| 281 | 11/17/2017 | Medical Leave-Disability Approval letter | UWMB00000846-847 | X | | | |
| 282 | 11/17/2017 | Letter to MB from Francis re 9 Month Leave of Absence Status | UWMB00001977-1978 | X | | | |
| 283 | 11/18/2017 | Stell email to Francis re Fax | UWMB00000878-879 | X | | | |
| 284 | 11/30/2017 | Email from Francis to MB re Status of disability accommodation request | UWMB0002051 | X | | | |
| 285 | 12/01/2017 *Approx. Date* | Oral Report Summary Outline | UWMB003622-3626 | | MIL | | |
| 286 | 01/09/2018 | Letter to MB from Alina McLauchlan re Internal Investigation | UWMB003610 | X | | | |
| 287 | 08/08/2018 | Letter to MB from EEOC re Charge Number 551-2107-01858C (follow up to the rebuttal), Dismissal and Notice of Rights | EEOC000007-11 | | MIL | | |
| 288 | 08/08/2018 | Letter to MB from EEOC re Charge Number 551-2107-01080C (follow up to the rebuttal), Dismissal and Notice of Rights | EEOC000444-447 | | MIL | | |
| 289 | | WITHDRAWN | | | | | |
| 290 | | Patient schedule | UWMB00000056 | X | | | |
| 291 | | Notes | UWMB00000062 | X | | | |
| 292 | | Email 11/3/16 from Tricia Roland to Nola Balch re FYI re MB timecard | UWMB00000063 | X | | | |
| 293 | Misc | Bellevue Endocrine Consultants records | MB-002716-2739 | | Found ation | | |
| 294 | | Tricia Roland CV | UWMB001023 | X | | | |
| 295 | Misc | Text messages with Lilia Merveus | MB-002542-2549 | | 401, 402, 403 | | |
| 296 | 11/22/2016 | Stell Client Registration Information 11/22/16 | MB-001786-1804 | X | | | |

| Def Ex No | Date | Document | Bates | Stip Adm | Stip Auth But not Adm | Object to Auth and Adm | Adm |
|---|---|---|---|---|---|---|---|
| 297 | 2017-2018 | Text Messages with Dr. Michael "Reid" McDonald | MB-002598 | X | | | |
| 298 | Various | Overlake medical records | MB-002673-2715 | | 403 (cumulative) | | |
| 299 | | Administrative Policy 45.5 and FMLA policies | UWMB-003293-3315 | X | | | |
| 300 | | Administrative Policy Statement 46.5, Reasonable Accommodation, and related policies and forms | UWMB003323-3338 | X | | | |
| 301 | | Complaint resolution – Human Resources | UWMB003344-3345 | X | | | |
| 302 | | Disability Accommodation Policy | MB-002355-2359 | X | | | |
| 303 | | Administrative Policy 46.5 | MB-002523-2526 | X | | | |
| 304 | | Plaintiff's Answers & Responses to Def 1st Interrogatories/RFPs | | | 403 | | |
| 305 | | Plaintiff's 1st Supp Responses to Def 1st Interrogatories & RFPs | | | 403 | | |
| 306 | | Plaintiff's 2nd Supp Responses to Def 1st Interrogatories & RFPs | | | 403 | | |
| 307 | | Plaintiff's 3rd Supp Responses to Def 1st Interrogatories & RFPs | | | 403 | | |
| 308 | | Brzycki Stroke Clinic Schedule Spreadsheet | UWMB011012-19 | | 403 | | |

## VIII.    DEPOSITION TRANSCRIPTS

Defendants intend to designate and present the entirety of the examinations of Beth Louie, Abeba "Abby" Tesfamariam, and Jennifer Petritz via transcript and video pursuant to LCR 32(e), the Court's February 5, 2010 Order (Dkt. 71), and agreement of counsel.  The parties will ask the Court to rule on the few objections counsel made in these depositions.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

## IX.    ACTION BY THE COURT

This case is scheduled for a bench trial beginning on November 12, 2020, at 9:00 a.m. This order has been approved by the parties[2] as evidenced by the signatures of their counsel on the filed proposed pretrial order (Dkt. No. 97). This order shall control the subsequent course of the action unless modified by a subsequent order. This order shall not be amended except by order of the court pursuant to agreement of the parties or to prevent manifest injustice.

DATED this 29th day of October, 2020.

Marsha J. Pechman
United States District Judge

---

[2]  The Court has made minor revisions the form submitted by the Parties to reflect the removal of Harborview Medical Center as a Party and the change to a bench trial commencing on November 12, 2020.

PRETRIAL ORDER - 41
CASE NO. 2:18-cv-01582-MJP