# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| Marthilde Brzycki,<br><br>    Plaintiff,<br><br>    v.<br><br>University of Washington,<br><br>    Defendant. | CASE NO. C18-1582 CKJ<br><br>ORDER FOR REMOTE CIVIL BENCH TRIAL |

The court orders the following procedures and protocols for a remote trial starting on November 12, 2020 at 8:00AM PST.

A. Trial format

    ☒ Remote

        ☒ The entire trial will take place using the ZoomGov.com platform. The parties, counsel, and witnesses will not be physically present in the courtroom.

☒   The public will have access via a link published on the court's trial calendar. Access to the public requires that they not record, via audio, video or screenshot, or permit any other person to record, via audio, video or screenshot, the hearing or any part of it.

☒   The parties must agree in advance whether they consent to a video broadcast of the trial (agreement = video and audio broadcast for the public; no agreement = audio broadcast only for the public).  Check the appropriate box:

□   The parties consent to the video broadcast of the trial

□   The parties do not consent to the video broadcast of the trial (audio broadcast only)

B.  Preparation

☒   Counsel shall review the tutorials located at https://www.youtube.com/playlist?list=PLQQODreSvdKHWF4JsOIQp8zMJMt9ulM-2 and familiarize themselves with: :

☒   ZoomGov.com

x   Box.com

☒King County CLE modified for federal court

☒   Parties and counsel are to participate on November 10, 2020 at 8:00AM with the court and its IT representative for a technology check.

□   ~~Counsel shall ensure that they and each witness have the hardware, software,~~ x data bandwidth, and internet access required to testify remotely based on the minimum system requirements posted at https://www.wawd.uscourts.gov/attorneys/remotehearings.  Counsel shall also

ORDER FOR REMOTE CIVIL BENCH TRIAL - 2

ensure that parties and witnesses have an alternative means of communicating with each other outside the ZoomGov.com platform (e.g., a cellphone).

- ☒ Consider steps to establish high-speed internet connection (e.g., if possible a hard-wired connection is generally preferable to a wireless internet connection). Limit internet usage by others during the hearing as this may impact connection speed for the hearing.

C. Record

- ☒ The court will provide a court reporter for the trial. No portion of the hearing shall be recorded or broadcast, in whole or in part, in any fashion by any participant, witness or public observer.
- ☒ The parties and counsel agree that they will not record, via audio, video or screenshot, or permit any other person to record, via audio, video or screenshot, the hearing or any part of it. The parties and counsel will ensure that each additional attendee at the hearing for which that party is responsible also acknowledges and agrees to this prohibition on recording.

D. Witnesses and Participants

- ☒ Counsel shall email the courtroom deputy at grant_cogswell@wawd.uscourts.gov provide the following for each party, attorney, or witness who will appear remotely:
    - ☐ Name
    - ☐ Email address
    - ☐ Phone number
    - ☐ Participant status (party, attorney, or witness)

1    ☒   The courtroom deputy will then supply the invitation link for those
2        participating.  When a participant remotely accesses the trial, the participant
3        will first enter a virtual waiting room.  The courtroom deputy will admit
4        participants to the virtual court proceeding from the virtual waiting room.
5        Counsel will be responsible for notifying witnesses when they are expected to
6        report to the virtual waiting room.
7  E.  Exhibits
8    ☒   All exhibits will be uploaded by counsel to the "Box.com" website via a link
9        that the courtroom deputy will email to counsel prior to the trial start date.
10   ☒   One hard copy will be delivered to the judge at the U.S. Courthouse at
11       ☒   700 Stewart Street, Seattle, WA  98101
12       ☐   1717 Pacific Avenue, Tacoma, WA  98402
13   ☒   Each witness testifying shall have a hard copy of any exhibit they will be
14       expected to use or examine during the trial.
15   ☒   The witness will not access the exhibits until instructed by examining counsel.
16   ☒   Counsel or a *pro* se party shall certify that exhibits uploaded and the exhibits
17       produced in hard copy are identical.
18   ☒   The courtroom deputy will download each exhibit as it is admitted to create
19       the court's record.
20   ☒   Depositions expected to be used for impeachment or trial testimony shall be
21       delivered to the court under seal.
22   ☒   The parties must comply with LCR 32 for the use of depositions at the trial,
23       including video depositions.
24

- ☒ The court shall be notified if a video deposition is to be used as substantive evidence and whether it will be played during the course of the trial or simply provided to the court in advance of the trial date for review. If it will be used during trial, counsel shall be prepared to broadcast the video deposition via ZoomGov.com using the screen sharing function.

F. Professionalism During the Trial

- ☒ Ambient Noise Protocols
    - ☒ When the court, counsel, or a witness is speaking, please avoid interrupting the speaker.
    - ☒ Upon admission to the ZoomGov.com platform, participants shall mute their microphones and activate microphones when directed by the court (e.g. a witness shall activate the microphone when testifying as shall the examining and defending attorneys during witness testimony).
    - ☒ All participants who are not actively being questioned as a witness, asking questions of a witness, defending a witness, or providing or responding to opening statements, closing arguments, or other arguments, shall maintain their audio on mute to limit potential interruptions. The video hearing host also will have the ability to mute and unmute any participant if needed.
    - ☒ Any participants using multiple devices in a single workspace to access the trial should avoid audio feedback issues by, e.g., only using

     ☒ To the extent possible, remote trial participants should conduct themselves in the same way they would if they were physically present in a courtroom.  Remote participants should silence electronic devices other than devices necessary to remote participation, and generally take steps to minimize anything in their remote workspace that would distract from the integrity of the proceedings.  The Court understands that conducting trial from one's home, for example, presents many challenges.  The court asks all remote participants to do their best to maintain professionalism in order to conduct a fair and efficient trial.

  ☒ Objections

  When an objection is made, the witness shall stop talking and let the court rule on the objection.

  ☒ Disconnection

    ☐ In the event that the court, a party, counsel, a witness, or anyone else necessary to the proceedings becomes disconnected from the remote trial, the trial will stop while the connection is reestablished.

    ☐ Counsel must ensure that a witness has an alternative means of communicating with counsel (e.g., a cellphone) in the event of disconnection.

  ☒ Appropriate dress

ORDER FOR REMOTE CIVIL BENCH TRIAL - 6

    Parties, witnesses, and counsel are to dress in the same manner as they would in a live courtroom.

  ☒ Screen Names

    When remotely accessing the trial, remote participants should ensure that their screen name indicates their actual name.

The clerk is ordered to provide copies of this order to all counsel. Dated 11/5/20

            _____
            Marsha J Pechman
            United States District Judge